## S. J. WHYTE v. J. P. MILLS.

PRINCIPAL AND AGENT. *Issuance of false warrant by deputy clerk of board of supervisors. Action for damages against clerk.*

M. was clerk of the chancery court, and *ex-officio* clerk of the Board of Supervisors of the County of A., and D. was his duly appointed deputy. D. issued certain false and fraudulent warrants against the county, and without authority signed thereto the name of M. as chancery clerk and clerk of the board of supervisors, and affixed to the same such clerk's official seal. W. bought the warrants believing them to be genuine, but the county treasurer refused to pay them. Thereupon W. sued M. to recover damages for the fraudulent conduct of his deputy. *Held,* that M. is not liable, as the issuance of the warrants was not an act done for him, but was an unlawful act of D.'s own devising.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

In 1883 J. P. Mills was the clerk of the chancery court and Board of Supervisors of Attala County, and W. T. Davis was his deputy clerk and had full charge and control of the office. Davis issued a series of nine false and fraudulent warrants against the county treasurer, aggregating one hundred and fifty-nine dollars. These warrants were issued in the usual form, on the usual blanks, and contained all necessary recitals to make them valid on their face. To these warrants he signed the name of

J. P. Mills, chancery clerk, and clerk of the board of supervisors and also the name of Thomas A. Galloway, president of the board of supervisors, and affixed thereto the clerk's seal of office.     These warrants were sold to Sidney J. Whyte, who paid one hundred and twenty-six dollars and seventy-five cents for them.   Whyte presented the warrants for payment, and when the treasurer refused to pay them he brought this action against J. P. Mills, as chancery clerk, to recover damages for his injury.   The court instructed the jury to find for the defendant, which was done.   The plaintiff appealed.

*Haden & Dodd,* for the appellant.

In this case we are attempting to throw the responsibility upon appellee, because he could have guarded against it by ordinary care or concern, or have known about it by inspecting his own records. The source of W. T. Davis' power to commit wrongs was his employment and retention by appellee in his office and the surrender of the same to his management.   And in the case of the *New Orleans, Jackson and Great Northern Railroad Co* v. *Allbritton,* 9 George 242, the opinion by Harris, J., among other things, said : "In all cases where it appears that the employment of the principal afforded the agent the means and opportunity which he used, while so employed, in committing an injury to a third person, the principal is responsible, whether the injury results from the negligence or the willful and malicious conduct of the agent." See on pages 277 and 278 the conclusive reasoning of the court, and cases commented upon and explained.  Also see 62 Miss. 383.

The appellee's reliance and stress upon the case of *Foster* v. *Metts & Co.,* 55 Miss. 78 and '79, arises from a failure to draw the distinction between the principles of law announced therein and this case; and the well-defined and clear announcement of the law by Justice Campbell there leaves no grounds for a misconception. We can see why postmasters and other subordinate agents of the government, whose employment is provided for by law, would not be liable in certain contingencies for loss by their servants employed by them.   Yet even they are liable for "not exercising a reasonable superintendence and vigilance over their conduct."   And this appellee does not claim to have done.   And his failure to inspect

the work of his agent ratified his agent's act, and he was liable for the results. *Brooke* v. *Hook,* L. R. 6 Ex. 89 (3 Albany L. J. 225).

And as to whether the appellant was guilty of contributory negligence in the purchase of the warrants was solely for the jury to pass upon, and they were precluded from so doing by the court's instructions.

*Calhoon & Green,* for the appellee.

Appellee was not liable for the crimes of the deputy chancery clerk.

The whole argument of appellant's counsel is answered by § 2281, Code 1880, which gives the nomination of deputies to the clerk, *but the approval to the court,* and confers the power upon the deputy by law and not by the act of the party. This statute makes the deputy the officer of the court with all the powers of the clerk. The clerk *has no power to appoint an agent* to serve as deputy. The approval of the court, in the absence of fraud, would relieve the clerk of any responsibility as to the character of the deputy or his fitness for the office. The deputy, *as deputy,* and not as a representative of the clerk, has the power conferred upon him. *McRaven* v. *McGuire,* 9 S. & M. 34; s. c., 23 Miss. 101.

The deputy being an officer by law and his powers and duties being granted and imposed thereby, and not by the will and direction of the clerk, it follows that appellee is not liable, and especially not for the crimes of such deputy unknown to him. *Foster* v. *Meets,* 55 Miss. 82; *McCoy* v. *McKowen,* 26 Miss. 487; *R. R. Co.* v. *Allbritton,* 38 Miss. 278; *Clarke* v. *Edwards,* 44 Miss. 788.

COOPER, C. J., delivered the opinion of the court.

The court properly instructed the jury to find for the defendant. The answer to all the propositions advanced by the appellant is that Davis, the deputy clerk, was not engaged in doing any act for his principal in issuing the forged warrants, but was engaged in an unlawful scheme of his own, in the consummation of which he forged the name of the clerk and unlawfully affixed to the war-

rants the seal of the court, of which the clerk was the custodian. If Davis in the performance of any official act had failed to properly perform it, either by omitting to do something which the law required to be done or in doing something which the law did not permit, the effect of which was to cause injury to one having the right to require his action, then the principles invoked by the appellant would apply, but we know no principle, and no authority has been referred to by the appellant, which would impose responsibility upon the principal under the circumstances of this case. The law gave to the deputy the right to do all official acts which the clerk himself might do, and the clerk by the selection of the deputy stood as guarantor for the faithful discharge of such official acts, but he did not assume responsibility for all his acts, and if the act itself carried no responsibility against the principal, the fact that in doing it he used instruments committed to him for another purpose would not create liability. I may arm my servant to protect my property against thieves, and if in the service thus intrusted to him he illegally injures another, I would be liable to make reparation, but if he departs from my business and engages in a private conflict in which he uses the arms furnished by me, I cannot be held responsible because of the fact that the injury was done with the arms I had furnished.

*The judgment is affirmed.*