BOARD OF COUNTY COMMISSIONERS OF CARVER COUNTY
v. GERHARD BONGARD and Others.[1]

February 11, 1901.

Nos. 12,368—(208).

**Bond of County Treasurer—Leave to Sue.**

It is not a prerequisite to an action on a county treasurer's bond against the sureties that leave should be obtained of court to commence suit thereon. County of Waseca v. Sheehan, 42 Minn. 57, approved and followed in this respect.

**Complaint—Pleading.**

Neither is it essential that it should appear in a complaint in an action by the board of commissioners against the sureties on such treasurer's bond that a resolution to commence the same has been adopted by the board, or that settlements have been made by the auditor of the county with the defaulting treasurer, or that the state auditor has authorized the commencement of the suit. Board of Co. Commrs. v. Smith, 22 Minn. 97, approved and followed.

**Same.**

The allegation that a county treasurer has converted the funds of the county, that he has abandoned his office, and absconded from the county and state, and that he has been suspended by the governor, and his successor appointed, states the essential ultimate facts to show that such successor was authorized to make a demand for the funds charged to have been so converted in an action against the sureties upon the official bond.

Appeal by defendants, except defendant Bongard, from an order of the district court for Carver county, Cadwell, J., overruling a demurrer to the complaint. Affirmed.

[1] Reported in 85 N. W. 214.

*W. C. Odell*, for appellants.

*P. W. Morrison*, County Attorney, and *H. J. Peck*, for respondent.

LOVELY, J.

This is an action brought by the board of county commissioners of Carver county to recover on the official bond given by their late treasurer, Gerhard Bongard, and his sureties, under the claim that he made default in the conditions of such bond in failing to pay over to his successor $7,086.89, moneys which he had collected and received as such treasurer. Bongard did not answer. The remaining defendants demurred to the complaint upon two grounds: First, that the plaintiff had not the legal capacity to sue. Second, that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, from which order defendants appeal to this court.

It is claimed in support of the first ground of demurrer that it was essential to the commencement of the action, either that such action should have been authorized by the auditor of the state, or by a resolution of the county commissioners of the county, or that leave of court should have been first had and obtained for that purpose, which facts should affirmatively appear upon the face of the complaint to authorize the maintenance of the suit for the alleged conversion by the county treasurer of the funds in question.

It has been held by this court that an action may be prosecuted by a county against its treasurer and his sureties on the county treasurer's bond without first obtaining leave of the court for that purpose (County of Waseca v. Sheehan, 42 Minn. 57, 43 N. W. 690); and in an earlier case that the county may sue or be sued in any matter pertaining to the business of the county, with no limitation other than would apply to any other corporation (Board of Co. Commrs. v. Smith, 22 Minn. 97). Suit brought upon a county treasurer's bond by the board of county commissioners was held in the last case cited to be the proper course. These decisions rule the question raised as to the legal capacity of the plaintiff to maintain this action. It follows that, the county having the right, in the name of its board of county commissioners, to main-

tain the action, it must be presumed to have authorized the same, and it was no more necessary to set forth in the complaint an authority by resolution of the board to commence such suit than upon a cause of action brought by any other corporation.

2. Upon the second ground of demurrer the complaint sets forth, among other things, that the defendant Bongard abandoned his office, absconded from the county and state, and sought an asylum in a foreign country, and that on the same day he was suspended and removed from his office by the governor of the state of Minnesota. These are allegations of ultimate facts properly pleaded, and showing that there was an abandonment of the office by the county treasurer; it was not requisite, necessary, or apparently possible to have stated more appropriately the liability resting upon the removal of the county treasurer from his office upon which result the consequent obligation to pay over moneys in his hands to his successor followed. The statute provides for the suspension of a county treasurer by the governor; also for a trial on his demand within thirty days from the date of suspension. G. S. 1894, §§ 904–912. The averment of such suspension in connection with the alleged abandonment of the office forbids any possible inference that there was a trial, or that the defaulting treasurer retained any claim whatever to the office, or any right to the funds in his hands at the time he absconded.

It was further alleged in the complaint that one A. L. Skoog was by the commissioners of the county duly appointed county treasurer in place of Bongard, and on February 18, 1900, duly qualified, entered upon the duties of such office, is still county treasurer of said county, and acting as such; that Skoog, as such treasurer, acting in that capacity, duly demanded from said Bongard the money alleged to have been wrongfully converted, to which he was entitled as such county treasurer, which demand was refused. It was held in the case of Board of Co. Commrs. v. Smith, supra, that a county treasurer is chargeable with the public funds, independent of the fact that he had made settlements with the county auditor, or had been charged therewith,—for converting the money to his own use. The right of the county to sue is not open to doubt. The fact that it has brought a suit

82 M.—28

requires it to be presumed that it was commenced by the proper authority. The allegation that the office has been abandoned by the former treasurer is inconsistent with the idea that the defaulting treasurer is still in its possession, or has any control over it, without reference necessarily to the allegation that he was suspended by the governor. The averment that his successor was duly and properly appointed and qualified, also that the defaulting treasurer had converted the public funds which it is sought to recover in this action, together with previous amounts, clearly allege a cause of action against his sureties. If it could be claimed that the old treasurer had been reinstated, or that his successor was not in legal possession of the office, with the right to demand such funds, such defenses should have been set up affirmatively, and cannot be reached by demurrer. The complaint could not more fully show a legal liability on the part of the sureties on the bond in question to hold them responsible for the funds unlawfully converted by such treasurer.

The order appealed from is affirmed.