M. O. SORTEDAHL v. BOARD OF COUNTY COMMISSIONERS OF
POLK COUNTY.[1]

December 6, 1901.

Nos. 12,737—(136).

### Deputy Clerk of Court.

Under the provisions of Sp. Laws 1891, c. 424, a deputy clerk of court is an employee of the county, and not of the clerk of court, and as such may maintain an action against the county in proper cases for services performed.

### Sp. Laws 1891, c. 424.

But he cannot maintain such action, nor collect for services performed, unless the conditions contained in section 11 of the act (Sp. Laws 1891) be complied with. "If it shall appear by the oath of any of the above named officers who are herein allowed clerk hire that such officer has devoted his time to discharging the duties of his office, and that the maximum amount herein provided for clerk hire for such office has been actually and necessarily expended therefor, and that the same was inadequate and insufficient, then the board of county commissioners may, by unanimous vote, allow such sum, in addition to the maximum amount herein provided for clerk hire, as is actually necessary to procure the completion of the work of such office."

### Waiver of Statute.

The fact that such deputy was ordered by the district judge and clerk of court to perform the services; the fact that the county commissioners knew such services were being performed, and did not dissent; and the fact that a surplus of fees over expenses for the current years was received by the county,—do not constitute a waiver of the statute, nor excuse a compliance with its terms.

Action in the district court for Polk county to recover $420, with interest, for services rendered as deputy clerk of said court. The case was tried before Watts, J., who found in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the findings, defendant appealed. Reversed.

*W. E. Rowe*, for appellant.

*Wm. A. Marin, H. Steenerson* and *Charles Loring*, for respondent.

[1] Reported in 88 N. W. 21.

LEWIS, J.

There is no evidence returned in this action, but the following statement of facts appears from the settled case: One John Vig was the clerk of court for Polk county for the years 1897 and 1898. Respondent was the duly appointed and qualified deputy clerk of court for that county, and as such performed services from January 1 to September 1, 1897, for which he received the sum of $600 in monthly payments of $75. On September 1, 1897, respondent refused to perform further services as deputy clerk, but upon the order of the then judge of such court and John Vig, the clerk thereof, respondent continued in the performance of his duties during the remaining months of that year, and from November 9 to December 31, 1898, for which period he has never been compensated; that such services were reasonably worth the sum of $75 per month; that they were performed with the full knowledge of the board of county commissioners, who never notified respondent that they did not consent or authorize his services, and he never received notice to discontinue them; that the $600 allowed by law for deputy clerk's services for 1897 had been paid on September 1 of that year, and for 1898 the same had been paid prior to September 1 of that year. It also appears from the settled case that the surplus fees, over expenses, received by the clerk for the year 1897, amounted to $3,014.69, and for 1898 to $2,353.50.

Upon the commissioners' refusal to allow respondent's bill for services, he commenced this action to recover the same. The complaint is upon quantum meruit, merely alleging that his services were performed at the special instance and request of the proper officers; that the same were of the reasonable value of $420; that he presented his bill therefor to the board of county commissioners, and it was disallowed. The answer is a general denial. The trial court found for respondent for the full amount, and the county appealed.

The assignments of error present but one question, which is: Do the facts presented by the settled case justify the conclusion of the court in holding the county liable?

The entire question is controlled by Sp. Laws 1891, c. 424. Section 4 of that act provides that, in addition to the clerk's salary,

he shall be allowed a sum for clerk hire, not exceeding $600 in any one year. Section 9 provides that the salary of each of the officers, their clerks, assistants, and deputies, shall be paid monthly out of the county treasury on a warrant of the county auditor, provided that no assistant or deputy shall draw any warrant until an affidavit of the correctness of the amount has been filed by his principal. It is provided by section 11:

"If it shall appear by the oath of any of the above named officers who are herein allowed clerk hire that such officer has devoted his time to discharging the duties of his office, and that the maximum amount herein provided for clerk hire for such office has been actually and necessarily expended therefor, and that the same was inadequate and insufficient, then the board of county commissioners may, by unanimous vote, allow such sum, in addition to the maximum amount herein provided for clerk hire, as is actually necessary to procure the completion of the work of such office."

Appellant insists that the judgment was not justified by the facts for the reasons: First, that the deputy is not entitled to bring the action in his own name; and, second, that the provisions of section 11 have not been complied with. There is nothing in the act which prevents the deputy from bringing the action in his own name, provided he shows that all of its provisions and conditions have been observed. It is assumed from the language in section 4 that the contractual relation arises between the clerk and his deputy, that the latter must look to the former for compensation, and that only the clerk can recover from the county. We do not think this is the law. Section 9 provides that clerks, assistants, and deputies shall be paid monthly upon certain conditions. It was the purpose of the act to establish the relation of employer and employee directly with the county, and it was not intended to put deputies and assistants to the hazard of collecting from the clerk the amount of their services.

But there is a complete failure to show a compliance with the provisions of section 11. There is not only a failure in the complaint to set out the performance of the express conditions of section 11, but in the settled case as well there is an entire absence of any such facts. It avails nothing that the county commissioners knew the services were being performed, nor is it material

that their performance was ordered by the district judge and clerk. The fact that the services were necessary to the county, and worth the amount charged, and the further fact that the county had received in fees more than that amount, do not constitute a compliance with the law, nor do they amount to a waiver of its provisions.

For these reasons the order for judgment is not supported by the facts.

_ Judgment reversed.