BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY v.
DENNIS M. SULLIVAN and Others.
SAME v. WILLIAM R. JOHNSON and Another.[1]

February 27, 1903.

Nos. 13,248, 13,188, 13,189—(92, 102, 108).

**County Auditor's Bond.**

The sureties upon a county auditor's bond are liable for the acts of his deputy who fraudulently issues fictitious redemption and refundment orders for the purpose of obtaining money from the county treasurer by means thereof.

**Title of Action.**

The action against the sureties may be brought by the county in the name of the Board of County Commissioners.

Separate actions in the district court for Ramsey county to recover from defendants, Sullivan and Johnson, former auditors of that county, and their sureties, $5,869.22 and $11,832.55, respectively, upon their official bonds. From orders, Otis, J., overruling their several demurrers to the complaints, defendants appealed. Affirmed.

*D. W. Lawler, Robert E. Olds* and *Davis, Kellogg & Severance,* for appellants Dennis M. Sullivan and others.

*F. W. Zollman, M. D. Munn, Stevens, O'Brien, Cole & Albrecht,* and *Arthur J. Stobbart,* for appellants William R. Johnson and National Surety Co.

*T. R. Kane,* County Attorney, and *O. H. O'Neil,* Assistant County Attorney, for respondent.

[1] Reported in 93 N. W. 1056.

LEWIS, J.

These actions were brought against the county auditor of Ramsey county and the sureties upon his bond to recover the amounts alleged to have been paid by the county upon certain fraudulent redemption and refunding orders issued by W. B. Bourne while deputy auditor.

Each complaint alleged that, while acting as deputy auditor, Bourne made out certain fictitious redemption orders upon the county treasurer, purporting to be drawn in favor of actual persons who were entitled to refundment of money claimed to have been paid into the county treasury for the redemption of land from tax sales; that the whole scheme was a fraud; that the persons to whom the orders purported to have been issued were not purchasers at tax sales, and were not entitled to any redemption money, and that the same were issued and put in circulation for the purpose of defrauding the county; that he represented them to be genuine warrants, and they were duly presented and paid by the treasurer, who believed them to be valid, either to persons in whose names they were drawn or to persons unknown. The complaints also state that Bourne in like manner created certain fictitious refundment orders, and fraudulently caused the same to be indorsed by the chairman of the Board of County Commissioners, and presented and paid by the county treasurer, who believed them genuine. A demurrer was interposed to each complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and appeal was taken from the order overruling the demurrer.

1. These actions were properly brought by the county and in the name of the Board of County Commissioners by virtue of G. S. 1894, §§ 638, 640 and 643. The provisions of sections 710, 5952, and 5953 are cumulative and not necessarily inconsistent remedies. This question was decided in Board of Co. Commrs. v. Smith, 22 Minn. 97; approved in Board of Co. Commrs. v. Bongard, 82 Minn. 431, 85 N. W. 214, which was an action against the county treasurer and his sureties, and the same reasoning applies to an action against a county auditor and his sureties.

2. The auditor's bond was in the usual form, conditioned upon

the faithful discharge of the duties of his office, and was executed in pursuance of G. S. 1894, § 708. The deputy auditor was appointed by the auditor, and authorized to sign all papers and do all other things that county auditors themselves might do, and the county auditor was responsible for the acts of his deputy. He could revoke the deputy's appointment at any time, and might require bonds of him conditioned upon the faithful performance of his duties. G. S. 1894, § 708. The effect of this statute is to establish one office—that of auditor—but he is enabled to perform his duties through assistants, named deputies. The acts of these deputies, within the color of official duties, are the acts of the auditor. The bond was executed in contemplation of the statute, and, although the auditor might have called for bonds from his deputy, such omission on his part does not change the liability of the sureties on his own bond.

In some jurisdictions, under peculiar statutes, a different result has been reached; for instance, in Whyte v. Mills, 64 Miss. 158, 8 South. 171, where the deputy clerk of court was appointed directly by the court, the clerk having no power to appoint, or control over, him. In that case it was held that the sureties upon the clerk's bond were not liable for the fraudulent acts of the deputy in issuing forged warrants.

3. The duty of issuing valid redemption and refunding orders in proper cases was imposed by law upon the auditor. The deputy took advantage of the opportunity afforded by reason of his office, and issued fraudulent instead of valid orders. Such act was in the line of his duty, and was what is termed in the books "virtute officii" or "colore officii," and under the great weight of authorities the sureties are liable for such acts. Bourne was indicted for the issue of such orders, and was convicted upon the theory that his acts were official. State v. Bourne, 86 Minn. 426, 90 N. W. 1105.

Orders affirmed.