[No. 6501.    Decided February 19, 1907.]

HEMRICH BROTHERS BREWING COMPANY, *Appellant*, v. KITSAP COUNTY *et al.*, *Respondents.*[1]

PLEADINGS—DEMURRER—WAIVER. The withdrawal of a demurrer to a complaint and joining issue by answer does not waive the right to move to dismiss the action for want of sufficient facts to state a cause of action, where the complaint was amended after the demurrer was interposed.

INTOXICATING LIQUORS—LICENSES—RETURN OF DEPOSIT—COUNTY TREASURER—INDIVIDUAL LIABILITY. A county treasurer receiving money in his official capacity in payment for liquor licenses on pending applications, is not individually liable to make return thereof on failure of the county commissioners to issue the licenses, although he subsequently promised to do so, since he can disburse the money only on proper orders; and he is therefore properly dismissed from an action brought against him and the county for the return of the money.

SAME—RIGHT TO REFUND OF DEPOSIT—LIABILITY OF COUNTY—NOVATION. Checks drawn by a brewing company payable to the order of the county treasurer, and deposited by applicants for liquor licenses, are properly returned to the applicants upon denial of the

[1]Reported in 88 Pac. 838.

applications, and cannot be recovered by the brewing company in an action against the county or treasurer, where there was no novation or showing that the applicants making the deposit consented thereto, especially where the amount of the checks were charged by the brewing company to the account of the applicants; and a subsequent promise by the treasurer to make such return is without consideration or authority, and does not amount to a novation.

Appeal from a judgment of the superior court for Kitsap county, Fraiter, J., entered March 7, 1906, in favor of the defendants, dismissing an action against a county and its treasurer to recover money advanced upon an application for a liquor license. Affirmed.

E. H. Guie and W. A. Greene, for appellant.

C. D. Sutton and A. J. Falknor, Assistant Attorney General, for respondents.

Dunbar, J.—The appellant is a corporation engaged in the business of brewing beer and selling its product to retail liquor dealers. It is stated by counsel for the appellant that it is the custom and practice of appellant, for the purpose of increasing its trade, to advance to retail liquor dealers the license money required to be deposited with the county treasurer when liquor licenses are applied for. If the license is granted, the money is distributed by the treasurer into different funds prescribed, and if the license is not granted, the money is returned to the depositor. Pierce's Code § 5713 (Bal. Code, § 2933). The amended complaint in this case shows that, during the year 1903, the defendant Clausen was the duly elected and acting treasurer of Kitsap county; that on or about the 1st day of August, 1903, W. R. Lytle and J. R. Lytle, copartners doing business as Lytle Brothers, made application to the county treasurer of Kitsap county for two licenses to sell intoxicating liquors; that on or about August 1, 1903, appellant drew two checks, each for the sum of $300, payable to the order of the treasurer of Kitsap county, which were to be deposited with the treas-

urer of Kitsap county, in accordance with the require-
ment of the county commissioners and treasurer; that
the respondent Clausen received the checks so de-
posited by the appellant for the express purpose and with
the positive instruction that the same were to be used for
the payment of the liquor licenses in the event they should
be granted, and with the express and positive instruction
that, in the event said licenses applied for should not be
granted, said checks were to be returned to the appellant;
that the county commissioners refused to grant the licenses,
and that subsequently appellant made a demand on respond-
ents for the return and payment of the deposited money,
which was refused.

Respondent Clausen interposed a demurrer to the com-
plaint, which was afterwards waived, and an answer tendered.
After the issues were joined, respondent Clausen moved that
he be dismissed from the action, for the reason that the com-
plaint did not state a cause of action against him. This mo-
tion was granted, which is the subject of the first assign-
ment of error by the appellant, the claim being that, under
the law as announced by this court, having waived the de-
murrer to the complaint, respondent could not renew the
demurrer in substance by the motion which was made. But
the record in this case shows that, after the demurrer was
interposed, the appellant amended its complaint, and we do
not think that under such circumstances the respondent could
be denied the privilege of demurring to the amended com-
plaint, or of making the motion which he did make, raising
the question of the sufficiency of the complaint. We think
the motion was properly sustained.

If respondent Clausen received this money as treasurer of
Kitsap county, as the complaint alleges, he could legally
pay the money out only as treasurer. The law provides,
Bal. Code, § 428 (P. C. § 4226), how he shall disburse
the county money, as follows: "He shall receive all moneys
due and accruing to the county and disburse the same on

the proper orders issued and attested by the county auditor."
There is no allegation in the complaint showing that he had
violated this provision of the law, and if the county funds—
and the money became county funds for the time being—
can be paid out subject to the individual demand and regard-
less of supervisory authority, endless confusion would soon
prevail, and municipal bankruptcy would be the probable
result. Having received the money as treasurer—and he
must have received it as treasurer under the provisions of
the law as well as the allegations of the complaint—it was
not within his power to make a contract to return the money,
and this the appellant was bound to know. But, outside of
the questions of pleading, the case having been fully tried
both as to the actions of Clausen and the responsibility of
the county, we are satisfied that the proofs submitted did
not establish the liability of either Clausen or Kitsap county.

The main contention of the appellant is based upon the
following correspondence:

"Seattle, September 7, 1903.
"Treasurer of Kitsap County, Washington—

"Dear Sir: On August 1, 1903, we gave Lytle Brothers
two checks for three hundred dollars each, payable to your-
self, for the purpose of paying for two liquor licenses, one
at Pleasant Beach and one at Eagle Harbor. Will you please
enlighten us as to the present status of their applications?
If no licenses are to be granted, we ask you to return us
the checks for the full amount of six hundred dollars, and
do not pay the money over to any one else under any cir-
cumstances, as the full amount was advanced by us to be
used only in event of those two licenses being granted.

"Yours very truly, Hemrich Brothers Brewing Company,
by Alvin Hemrich, President."

To which the respondent Clausen replied as follows:

"Port Orchard, Wash., September 9, 1903.
"Hemrich Brothers Brewing Company,
    "Seattle, Wash.:

"Dear Sirs: Yours of the 7th instant at hand. Lytle
Brothers deposited with me as treasurer two checks of three

hundred dollars each on two applications for liquor licenses. One of said applications has been refused and Lytle Brothers gave notice that they would appeal, and the other application was laid over until October meeting. I am not, therefore, in a position to return said money, or any part of it, unless they withdraw their appeals and applications. I have noted your requests as to whom to pay said money, and when free to do so, I will send you my check for same.

"Yours very truly, C. W. Clausen, County Treasurer."

It developed in the trial of the cause that, upon the refusal of the commissioners to grant the licenses, Lytle Brothers demanded the return of the checks which they had deposited, and they were returned to them. It is the contention of the appellant that this money was paid to the treasurer in accordance with the requirement of the board of commissioners, and that there was imposed upon the treasurer a trust to return the money to the appellant. But there was no consideration for the promises made in the letter written by Clausen, even if the letter could be construed to contain an unqualified promise. His duty was prescribed by law, and this request even was not made until considerable time after the money had been deposited by the Lytles, to whom the treasurer was responsible, for the obligation existed on the part of the county to return the money to Lytle Brothers in the event of their application being refused. It cannot be claimed that there was any novation, for Clausen could not make a contract of this kind which would be binding on Lytle Brothers. There was no cancellation of the first obligation, no showing that Lytle Brothers ever assented to the agreement made by Clausen with the appellant, and therefore no new obligation substituted which would constitute a novation.

So far as the county is concerned, it cannot be bound by the alleged promise of Clausen, for it cannot be held liable for the unauthorized acts of its officers—acts beyond their authority. The record, which we have closely examined, con-

vinces us that there was no thought in the first place of holding the county responsible for this indebtedness; that it was simply a transaction between the appellant and the Lytles for the presumed benefit that would accrue to the appellant by reason of the Lytles selling its products; that the transaction was made with the Lytles, and the money which the checks represented charged to their account. A short excerpt from the testimony will conclusively establish this fact. Mr. Andrew Blackstone, a witness for the appellant and who evidently managed this part of its business, testified on cross-examination as follows:

"Q. He was to sell your beer? A. Yes, sir. Q. Your goods? A. Yes. Q. And to repay you so much a month? A. Yes, sir. Q. Did you charge him on the books with this money? A. We charged up Lytle Brothers. We had to charge it to somebody, as we always do. Q. You charged it on the books then, $600 to Lytle Brothers? A. Yes, sir; we had it in that name. Q. You charged it against their account? A. I suppose it went against their account, yes. Q. You put it along with the balance of the account that you were carrying against these parties? A. I presume it went into the general account against Lytle Brothers; yes, sir."

Of course, this is only a short excerpt from the testimony of the witness, but there is no other portion of the testimony which detracts from the strength of the testimony quoted. We do not think that the appellant should be allowed to resort to this method of settling its personal accounts, by interjecting its business into the regular business of the county, thereby involving the county in its personal affairs and compelling it to depart from the method prescribed by law for the transaction of its own business.

The judgment is affirmed.

HADLEY, C. J., MOUNT, FULLERTON, CROW, and ROOT, JJ., concur.