## CITY OF DULUTH v. JOHN G. ROSS AND ANOTHER.[1]

May 3, 1918.

No. 20,813.

**Officer — liability of clerk of municipal court for theft of deputy.**

> The clerk of the municipal court of Duluth is responsible for the malfeasance of a deputy clerk in appropriating to his own use moneys coming into his hands in the performance of his official duties, and both the clerk and the surety on his official bond are liable on such bond for the loss. This is so though there is no statute making such clerk responsible for the acts of his deputy.

Action in the district court for St. Louis county to recover $2,505 upon the bond of John G. Ross, as clerk of municipal court of plaintiff city. Defendants demurred to the amended complaint. The demurrers were sustained, Fesler, J. From the judgment entered on the motion of defendants, plaintiff appealed. Reversed.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for appellant.

*G. A. E. Finlayson* and *A. G. McKnight,* for respondent Ross.

*Washburn, Bailey & Mitchell,* for respondent American Fidelity Company.

BUNN, J.

Action by the city of Duluth to recover on the bond of defendant John G. Ross, as clerk of the municipal court. Each defendant demurred to

[1]Reported in 167 N. W. 485.

140 M.—11.

the amended complaint.  Each demurrer was sustained, and judgment in favor of defendants entered.  Plaintiff appeals from this judgment.

The question is whether the amended complaint states a cause of action. Its material allegations are as follows:

March 11, 1912, John G. Ross was appointed clerk of the municipal court of Duluth for the term of three years.  He executed and delivered to the city his official bond, signed by himself as principal, and defendant American Fidelity Company as surety.  This bond, which was duly approved, was conditioned upon the faithful performance by Ross of all the duties of his office.  While it was in force, and in May, 1914, Ross appointed Walter John Richeson deputy clerk; he acted as such deputy clerk until May 20, 1915.  It was the duty of Ross as clerk, and Richeson as deputy clerk, to receive fines, penalties, costs and fees accruing to the court or any officer thereof, to keep full, accurate and detailed account of the same, and on the third day of each month to deliver over to the city treasurer the moneys so received.  Between February 9, 1914, and May 20, 1915, Richeson as deputy clerk received a large amount of money from fines, costs, penalties and fees of various kinds.  Of these moneys he wrongfully and unlawfully appropriated to his own use the sum of $2,505.90, and falsified the books and records of the court in such a way that the misappropriation of these funds was not discovered until August, 1915.  It is alleged that Ross, as such clerk, failed to keep accurate and detailed accounts of the moneys received by himself as clerk and Richeson as deputy clerk, and failed to turn over to the city treasurer all moneys coming into the hands of Richeson as deputy.  It sufficiently appears from the complaint that the moneys appropriated by Richeson never came into the hands of Ross, and that his failure to keep accurate and detailed accounts was due to the falsification of the books by Richeson.  In a word there is alleged no breach of the bond by Ross, unless the defalcation of his deputy constitutes such breach.

The question is whether Ross and his surety are liable on the bond for the acts of Richeson as deputy clerk.  The municipal court act (Sp. Laws 1891, p. 595, c. 53, amended by Sp. Laws 1901, p. 664, c. 397), provides that the clerk shall execute to the city a penal bond in such sum and with such sureties as the judge of the court shall approve, conditioned that he will pay over to the treasurer of the city on the third

day of every month all fines, penalties, fees and other moneys belonging to or to go to said city which may have come into his hands during the month next preceding, and that he will pay over to all other persons on demand all moneys to which they may be entitled which may have come into his hands by virtue of his office, and at the end of his term pay over to the city all moneys to which it is entitled, and to his successor all other moneys then remaining in his hands by virtue of his office.

Section 10 of the act provides that "such clerk shall have power to appoint, subject to the approval of said municipal judge, one (1) or more deputy clerks, with like powers of the clerk, but acting under the direction of said clerk; and said deputies may be removed from office at any time by the clerk."

Section 11 of the act prescribes the duties of the clerk, but it is unnecessary to state its provisions.

Neither in the municipal court act, nor elsewhere in the statutes, is there any provision which makes the clerk responsible for the acts or defaults of a deputy clerk. This is conceded, but the city contends that at common law, in the absence of statute, the clerk is liable for a defalcation by the deputy. This contention is based almost wholly on the case of Board of Co. Commrs. of Ramsey County v. Sullivan, 89 Minn. 68, 93 N. W. 1056. The question in that case was whether the county auditor was responsible for the act of his deputy in issuing fictitious redemption and refundment orders. It was held that he was, and that the county might recover of the surety on the auditor's bond. The language of the opinion does not make it clear whether this holding was based on the statute, or not. The court refers to G. S. 1894, § 708, requiring the auditor to give a bond, and states that the acts of the deputies, within the color of official duties, are the acts of the auditor. The fact that the statute provided for bonds to be executed to the auditor by his deputies is also referred to. The section that authorizes the appointment of deputies, and which provides that the auditor shall require bonds of his deputies, is section 715, not in terms referred to by the court, though it discusses its provisions. In this section is the plain provision that "the county auditors shall be responsible for the acts of their deputies." A reference to the briefs in the Sullivan case discloses

that this statute was relied on as the basis for the claim of liability on the part of the auditor and his surety. In view of this fact, the language of the opinion referring to provisions of this very section, and the omission of any discussion of the law in the absence of statute, we think the decision in that case was based upon the statute, though it must be conceded that the language of the opinion leaves this in doubt.

The Sullivan case therefore gives no aid in the decision of the question before us. There is no case in this state that furnishes much help. It is clear enough, in view of the language of the municipal court act, that the deputy clerk was himself a public officer, and not an employee or servant of the clerk. State v. Barrett, 40 Minn. 65, 41 N. W. 459; Sortedahl v. Board of Co. Commrs. of Polk County, 84 Minn. 509, 88 N. W. 21. He was paid by the city, and his appointment had to be approved by the judge. It is specifically provided that he has "the powers of the clerk."

It is also clear that the surety on the clerk's bond is not liable unless the clerk is. There is no language, either in the bond or in the statute providing its conditions, which makes the surety liable for the act of a deputy clerk. It is liable if the principal is, otherwise not.

It has been held in many decisions that a public officer, in the absence of statute, is not responsible for the misfeasance or positive wrongs, or for the nonfeasances or omissions of duty of the persons properly employed by or under him in the discharge of his official duties. Throop, Public Officers, § 592, and cases cited. Robertson v. Sichel, 127 U. S. 507, 8 Sup. Ct. 1286, 32 L. ed. 203; 29 Cyc. 1445, and cases cited. 23 Am. & Eng. Enc. (2d ed.) 382 and cases cited.

This seems to be well settled law as applied to public officers and agents of certain classes. In Robertson v. Sichel, supra, the officer was collector of the Port of New York; in U. S. v. Rogde, 214 Fed. 283, and in Keenan v. Southworth, 110 Mass. 474, 14 Am. Rep. 613, the public official held not liable for the act of a subordinate was a postmaster; in Sawyer v. Corse, 17 Gratt. 230, 94 Am. Dec. 445, a mail contractor; in Donovan v. McAlpin, 85 N. Y. 185, 39 Am. Rep. 649, school trustees were held not liable for the negligence of a workman employed by them; McKenna v. Kimball, 145 Mass. 555, 14 N. E. 789, holds a school committee not liable for the negligence of an employee.

In short, we find no case that applies the rule of nonliability to municipal officers, like a sheriff, register of deeds, treasurer, auditor or clerk of court. Counsel seem to have assumed that the rule was applicable to such officers, and cite no cases to the contrary. But we find that the authorities are many and quite unanimous in holding that such an officer is liable civilly to any one injured by the misfeasance, malfeasance or nonfeasance of his deputy in the performance of his official duties.

In Throop, Public Officers, § 588, after quoting from Bacon's Abridgement that "upon the rule of respondeat superior, regularly all officers shall answer for their deputies, in the same manner as if the act were done by themselves, unless it be in criminal cases," and from McIntyre v. Trumbull, 7 Johns. (N. Y.) 35, that "the sheriff is answerable civiliter for the acts of his deputies," the author says: "The rule that an officer is answerable for any act or omission of his deputy, subject only to the exceptions hereinafter stated, has been established by very many authorities, some of which are cited in the note." So, in 29 Cyc. 1445, after stating that "public officers are not, as a general rule, liable for the acts of subordinates," * * * the author says: "But ministerial officers are liable to an individual for the acts of their deputies where such officers owe a duty to such individuals. This rule is applied particularly to such officers as sheriffs, recorders of deeds and clerks of courts."

In Mechem, Public Offices and Officers, § 797, the author says: "But in the case of ministerial, executive and administrative officers who are charged with the performance of duties to individuals, a different rule applies. These officers, as has been seen, are bound to perform their duties in a legal and proper manner, exercising due care and diligence, and respecting and protecting the legal rights of others. This responsibility cannot be evaded by delegating the performance to another, but, whether the officer acts in person or through the medium of another, his legal duties and responsibilities remain the same."

"The rule is, therefore, as just as it is well settled, that the ministerial, executive or administrative officer who owes a duty to an individual is liable to that individual for the misfeasance, malfeasance or nonfeasance of his deputy to whom he has confided its performance, so long as the deputy acts by color of his office." In 9 Am. & Eng. Enc. (2d ed.) 390,

we find this statement of the rule: "The principal is liable civiliter for the misfeasance, malfeasance or nonfeasance of his deputy in the performance of his official duties, and this, it has been held, whether the deputy is regarded as a distinct and independent officer, or as the mere agent or servant of the principal."

A multitude of cases are cited in the notes in the text books quoted from. They are largely cases where a sheriff. was held liable for the act of his deputy; apparently there is no conflict in holding to the liability of the sheriff when the act of the deputy is done in the performance of his official duties.

The question involved in many of the cases was whether the act of the deputy was done by virtue of his office or by color of his office. This was the question in Dorr v. Mickley, 16 Minn. 8 (20). In some few of the cases a statute made the sheriff liable, as it has in this state from very early times, but in most of them the liability is based on the common law, though not generally on the rule of respondeat superior. Flanagan v. Hoyt, 36 Vt. 565, 86 Am. Dec. 675. There are cases where other officers than sheriff have been held liable for the acts of their deputies. One of these cases is Commonwealth v. Johnson, 123 Ky. 437, 96 S. W. 801, 124 Am. St. 368, 13 Ann. Cas. 716. In that case it was held that the clerk of the county court was liable in damages for a loss resulting from the negligence of his deputy in taking an acknowledgment.

It is not contended that the malfeasance of Richeson in the case at bar in appropriating to his own use the money collected by him was not done in the performance of his official duties. Of course stealing the money was not an official duty of the deputy, but this is not the guide. It was his duty to receive and account for the money, and he failed in this duty.

Defendants argue that, because the legislature has provided in the case of sheriffs, auditors, registers of deeds, state treasurers and clerks of the district and supreme court, that such officers are liable for the acts of their deputies, and has not so provided in the case of the clerk of the municipal court of Duluth, this indicates the necessity of a statute to create the liability. State v. Bobleter, 83 Minn. 479, 86 N. W. 461. The argument is not without weight, but is not controlling or very persuasive in view of the state of the common law on the subject.

We have said, if the clerk was liable for the defalcation of his deputy, that the surety on his bond is. This is so, though there is no provision of the bond covering acts of a deputy clerk. See the authorities before cited; also Crawford v. Howard, 9 Ga. 314; Brayton v. Town, 12 Iowa, 346; Board of Co. Commrs. of Ramsey County v. Sullivan, 89 Minn. 68, 93 N. W. 1056. The argument based on the language of the statute in regard to moneys in the hands of the clerk is without force. The condition that the principal will faithfully perform all the duties of his office is broad enough to include faithful performance by a deputy. This was the only condition in the Sullivan case.

Our conclusion is that, in the absence of a statute, the clerk is liable for misfeasance or malfeasance of his deputy in the performance of his official duties, and that the complaint states a cause of action as against both defendants.

Judgment reversed.