## Richard Neville v. William L. Viner, et al.

### Gen. No. 4,373.

1. Highway commissioners—*when, not liable in action of tort.* Highway commissioners are not liable in an action for injuries resulting to an individual from the manner in which they have discharged their official duties to the public, even if there is proof from which the jury might find that such duties were not discharged with reasonable prudence and skill.

Action commenced before justice of the peace. Appeal from the Circuit Court of Grundy County; the Hon. Samuel C. Stough, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed August 24, 1904.

J. W. Rausch, for appellant.

E. L. Clover, for appellees.

Mr. Justice Dibell delivered the opinion of the court.

Richard Neville began this suit against William L. Viner, Fred Kingman and William B. Hadden, before a justice of the peace. Defendants were highway commissioners of the town of Mazon in Grundy county. On the town line road between section 31 in the town of Mazon and section 36 in the town of Vienna, there was a culvert made by laying two twenty-inch sewer pipes side by side. The ground was low, and in April, 1903, there was a bad mud hole the full width of the turnpike on each side of the culvert. On April 16, 1903, Neville was driving a double team north along this road, hauling a load of straw. He passed the mud hole south of the culvert safely, but while going through the north mud hole one of his horses became lame and was found to have splintered the bone of the left

Neville v. Viner.

hind leg above the knee joint. Plaintiff's counsel say it became necessary to kill the horse, and that this town line road at that place was under the jurisdiction of the highway commissioners of the town of Mazon, though our attention is not called to any proof on these subjects. The suit was to recover the value of the horse, which was $150. Before the justice a jury gave plaintiff a verdict for $140 and plaintiff had judgment thereon. Defendants appealed to the Circuit Court, where there was a jury trial. At the close of plaintiff's evidence, the court excluded the testimony and directed a verdict for defendants. A motion for a new trial was denied, and defendants had judgment against plaintiff for costs. Plaintiff appeals.

Plaintiff introduced proof tending to show that this road had been in bad condition in periods of wet weather for some three years, and attributing the existence of the mud holes to the fact that the sewer pipe culvert was not as low as the bottom of the ditch, and not as low as certain tile which discharged into the ditch. This sewer tile culvert was put in before any of the defendants became commissioners, but plaintiff sought to prove that the attention of two of the defendants had been called to this piece of road, one in the previous November and the other in March before the accident; but the proof on this subject, when considered together, showed that in November the attention of the commissioner was not called to this spot but to a gully more than a mile further north, and that though he went along this piece of road it was then dry; that the notice to the other commissioner in March was at a time when the whole country was wet and when many roads in that flat town were in bad condition, and when this turnpike could not well have been dug up and the culvert lowered in the mud and water; and that in April, when plaintiff's horse was hurt, many roads in that town were well nigh impassable. Plaintiff proved that on March 31, 1903, just before this accident, the commissioners had $1,078.53 on hand, but cross-examination showed they were then under contract to pay $2,350 for a bridge on July 20 follow-

ing. The cross-examination of plaintiff and some of his
witnesses tended to show that plaintiff had attempted to
dam back upon the highway the water passing through
this culvert, to prevent it from flowing upon the farm just
below this culvert, which farm plaintiff worked and his
father owned. This proof raised a question whether plaint-
iff was not in part to blame for the retention of the water
upon the highway and the consequent mud holes in the
turnpike. Under this evidence, even if defendants were
liable for injuries resulting from a negligent performance
of their official duties, yet it is by no means clear plaintiff's
proofs entitled him to recover.

But it is settled that highway commissioners are not
subject to such a liability in this state. Section 67 of the
act in relation to roads and bridges in counties under town-
ship organization is as follows: "If the commissioners
shall wilfully refuse or neglect to perform any of the duties
enjoined on them by this act, they shall severally forfeit·
not less than ten dollars nor more than fifty dollars, and
may be proceeded against in the name of the town, severally
or jointly, for the recovery of such forfeiture before any
justice of the peace in the proper county having jurisdic-
tion." It was decided in Nagle v. Wakey, 161 Ill. 387,
that the penalty prescribed by the statute just quoted is
sufficient to enforce the duty highway commissioners owe
the public; and that an officer who is compelled to serve
the public in such a capacity under a penalty of $25 for a
refusal to serve, (section 7, article 9 of the act in relation
to township organization,) the payment of which penalty
will still leave him subject to be compelled to serve as a
burden the citizen must sustain for the common welfare,
(People v. Williams, 145 Ill. 573,) ought not to be required,
at the suit of an individual, to satisfy a jury that he has
exercised a wise judgment in the manner in which he has
expended and applied the public moneys in the repair of
highways, bridges and culverts, at the peril of being
mulcted in damages if the jury conclude he has been de-
ficient in judgment and that plaintiff has suffered there.

from. The very strong dissent in Nagle v. Wakey, *supra*, only emphasizes the distinctness with which the court there laid down the doctrine that highway commissioners are not liable to an action for injuries resulting to an individual from the manner in which they have discharged their official duty to the public, even if there is proof from which a jury might find it was not discharged with reasonable prudence and skill. Plaintiff argues that the proof here shows defendants guilty of wilful and wanton neglect of official duty, but we are of opinion it does not warrant such a conclusion.

As the law of this state did not give plaintiff a cause of action against these defendants under the circumstances shown by the evidence in this case, the court properly directed a verdict for defendants.

The judgment is affirmed.

*Affirmed.*