**Gerhard Lienemann, Appellant, v. August Costa, Herman Klaus and Charles Hesi, Commissioners of Highways of Leef Township, Appellees.**

1. TORTS—*when public officers not liable for.* Officers of a governmental body can be held personally liable for damages to persons or property, with respect to the performance of their official duties, only when under the guise or pretense of performing a duty they do an unlawful or tortious act, or when they perform some ministerial duty in a wrongful or negligent manner, or where they corruptly, wilfully or negligently fail to perform some mandatory duty.

Action commenced before justice of the peace. Appeal from the County Court of Madison county; the Hon. JNO E. HILLSKOTTER, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 13, 1908.

BROWN & GEERS, for appellant.

D. M. MUDGE, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced by appellant against appellees, before a justice of the peace of Madison county, to recover damages to real estate caused by the alleged obstruction of the natural flow of surface water. From the judgment of the justice the case was appealed to the County Court of Madison county, where it was tried *de novo* by a jury, resulting in a verdict and judgment in favor of appellees.

From the record in this case it appears that the suit was instituted against the Commissioners of Highways in their capacity as a *quasi*-corporate body, but inasmuch as all the individuals named in the processes appeared and the case was tried upon the theory of individual liability of the persons named as Commissioners of Highways, we do not deem the mere form of the summonses and supersedeas of sufficient importance to require discussion here.

Appellant owns and occupies a farm in Leef township in Madison county. North of his farm is a public road extending east and west, and north of this road lies the farm of one Johanntosettle. The public road separates the two farms.

About fifteen years ago a former owner of the Johanntosettle farm erected a fence on his side of the road parallel with the road and planted a row of apple trees inside his fence. About ten or twelve years ago, Johanntosettle, having become the owner of this farm, constructed an embankment about two or three feet high and about a hundred and fifty yards long on the inside of his enclosure, parallel with the road. It is claimed by appellant that the fence, row of apple trees and the embankment are all encroachments upon the road as originally laid out. This, however, is a controverted question of fact.

It is also claimed by appellant that the embankment obstructs the natural flow of the surface water from a part of his land. This is also a controverted question of fact.

It is conceded that the embankment was constructed years before any of appellees became Commissioners of Highways, but it is shown that during their term of office an unusual freshet made a small breach in it, and that Johanntosettle repaired it. This, however, was without the direction, consent or knowledge of any of appellees.

During the year 1905 a part of appellant's crop was damaged by water, which he claims was caused by Johanntosettle's embankment, and he claims that before that time he had complained to appellees that Johanntosettle's "dam" held the water back on his land and that he requested them to have it removed. His suit is to recover damages from appellees for this injury to his crops.

Counsel for appellant, in stating their position, say: "The case for plaintiff was not tried on the theory that the Commissioners constructed the dam or embankment, or that they authorized its construction, but on the theory that it constituted an obstruction on the road, was a direct injury to the plaintiff, and that it was the duty of the defendants to remove it or cause it to be removed and to prevent its reconstruction, so as to avoid interference with the natural flow of the water and consequent injury to plaintiff's land."

It is conceded that the *quasi*-corporate body or territorial entity called in the record "Leef Township" cannot in any case be held liable for damages to persons or property caused by the tortious acts or omissions of duty on the part of any of its officers. And we understand the law to be that these officers can only be held personally liable for damages to persons or property with respect to the performance of their official duties, when under the guise or pretense of performing a duty they do an unlawful or tortious act, or when they perform some ministerial duty in a wrongful or negligent manner, or where they corruptly, wilfully or negligently fail to perform some mandatory duty.

The embankment complained of was not within the boundary line of the road as the road was maintained and used by the public, and it did not obstruct or endanger public travel, none of appellees had anything to do with either its construction or its maintenance, and the evidence does not show that any Commissioners of Highways or any other road or town officer had ever entered upon or assumed charge or control of the strip of land on which it is located, and this strip was and for at least fifteen years had been inside the enclosure of an abutting landowner and claimed by him, and it was a controverted question of fact as to whether it was within the boundary line of the road as originally laid out.

Under this state of facts, it was not the imperative duty of the then acting Commissioners to personally assume all responsibility and to take matters into their own hands and break or cause to be broken the close of Johanntosettle and to enter his possessions and level the embankment, at the mere request of another abutting landowner to whom the law would give adequate remedy by proper procedure directly against Johanntosettle, if appellant's contention as to facts are all true.

We are of opinion that appellant failed to make a *prima facie* case against appellees or any of them, and that the verdict of the jury and the judgment of the trial court could not in reason have been otherwise than in favor of appellees, under the undisputed facts disclosed by the record in this case.

The judgment of the County Court of Madison county is affirmed.

*Affirmed.*