## Charles VanMiddlesworth, Appellant, v. William A. Hill et al., Appellees.

1. ROADS AND BRIDGES—*what essential to personal liability of highway commissioners.* Highway commissioners can only be held personally liable for damages to persons or property with respect to the performance of their official duties when under the guise or pretense of performing a duty they perform some ministerial duty in a wrongful and negligent manner, or where they corruptly, wilfully or negligently fail to perform some mandatory duty.

2. PERSONAL INJURIES—*when declaration states good cause of action against highway commissioners.* Held, that the declaration in this case set forth a good cause of action against the defendant highway commissioners, it averring among other things that the defendants, with full knowledge of the dangerous and unsafe condition of the bridge in question for a sufficient length of time to

have enabled them to have repaired and made the same reasonably safe for use prior to the injury to the plaintiff, with sufficient funds at all times at their disposal and available for such purpose, and with knowledge that their failure to repair said bridge would in all probability result in injury to some person using the same, permitted said bridge to be and remain out of repair and unsafe for use by the traveling public.

3. PLEADING—*when averment of due care sufficient.* An averment of the exercise of ordinary care upon the part of the plaintiff is sufficient to authorize a submission of that issue to the jury.

Action in case. Appeal from the Circuit Court of Fulton county; the Hon. H. M. WAGGONER, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

CHIPERFIELD & CHIPERFIELD, for appellant.

O. J. BOYER, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case against the commissioners of highways of Farmington township, Fulton county, to recover damages for injuries received by the plaintiff while driving a traction engine over a bridge across Copperas creek in said township, which bridge constituted a part of the public highway. A demurrer was sustained to the declaration and the plaintiff elected to abide thereby, whereupon the court entered judgment against him in bar of action and for costs.

The declaration charges, in substance, that it was the duty of the defendants, as commissioners, with the funds under their control, to keep said bridge in a reasonably safe condition of repair for the use of the public traveling along said highway; that for more than sixty days prior to the time the plaintiff was injured, the stringers, sills, foundation and floor of said bridge were rotten and decayed so that said bridge was in an unsafe condition for use by the traveling public, of which fact the defendants, as com-

missioners, had knowledge; that said defendants, as commissioners, negligently and wilfully neglected and failed to perform the duty imposed upon them by law as such commissioners to keep said bridge in a reasonably safe condition for use by the traveling public, although they had in their hands sufficient funds subject to their order for that purpose, and had full knowledge of the dangerous condition of said bridge and of the probability of serious injury to the public by reason thereof; that on July 28, 1908, the plaintiff, being a total stranger in that locality, and with no knowledge of the unsafe condition of said bridge, proceeded along the public highway with the intention of crossing said bridge with a certain traction engine and hay baler; that when he reached said bridge, and said traction engine and the front truck of said baler rested upon said bridge, and while the plaintiff was in the act of crossing the same therewith, and while he was in the exercise of all due care and caution for his own safety, the said bridge, by reason of its dangerous and decayed condition, gave way and fell to the ground, whereby the plaintiff was crushed and held by the traction engine and baler, and received serious permanent injuries.

It has been frequently held in this state that highway commissioners can only be held personally liable for damages to persons or property with respect to the performance of their official duties when under the guise or pretense of performing a duty, they perform some ministerial duty in a wrongful and negligent manner, or where they corruptly, wilfully or negligently fail to perform some mandatory duty. Lienemann v. Costa, 140 Ill. App. 167; Skinner v. Morgan, 21 Ill. App. 209; Neville v. Viner, 115 Ill. App. 364. Appellees contend that the declaration does not allege that the appellees in the performance of some ministerial duty, performed the same in a wrongful or negligent manner, nor does it sufficiently plead

facts constituting corrupt, wilful or negligent failure to perform some mandatory duty.

The averments of the declaration, which must be taken as true, show that the defendants, with full knowledge of the dangerous and unsafe condition of the bridge, for a sufficient length of time to have enabled them to have repaired and made the same reasonably safe for use prior to the injury to the plaintiff, with sufficient funds at all times at their disposal and available for use for such purpose, and with knowledge that their failure to repair said bridge would in all probability result in injury to some person using the same, permitted said bridge to be and remain out of repair and unsafe for use by the traveling public. Under such circumstances, their failure to make a reasonable effort to repair the bridge so as to make the same reasonably safe for travel must be held to have been wilful and intentional. The contention that it appears from the face of the declaration that the plaintiff was guilty of contributory negligence is untenable. The averment of due care on the part of the plaintiff is sufficient to warrant the submission of the issue to the jury. We are of opinion that the declaration states a good cause of action, and that the court erred in sustaining a demurrer to the same.

The judgment will be reversed and the cause remanded with directions to the Circuit Court to overrule the demurrer in question.

*Reversed and remanded.*