## Jesse Crowder, Appellee, v. William Emery, Appellant.

1. ROADS AND BRIDGES, § 220*—*when highway commissioner is not liable for damage due to failure to barricade or light highway.* A highway commissioner who makes a contract for the construction of a culvert across a highway, under instructions by the whole board, is not liable for the loss of a horse and damage to a buggy due to the horse falling into the unfilled excavation over the culvert at night and running away and colliding with another buggy, where there is no evidence tending to show any wilful negligence on his part or that he knew that barricades were not placed across the highway or that danger signals were not displayed during the nighttime to warn travelers of the condition of the road.

2. MASTER AND SERVANT, § 854*—*when employer is not liable to third parties for negligence of independent contractor.* An employer is not liable to third parties for injury caused by the negligence of an independent contractor where the work is not intrinsically dangerous.

Appeal from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the April term, 1917. Reversed with finding of facts. Opinion filed July 14, 1917.

A. J. STEIDLEY, for appellant; J. C. WILLARD, of counsel.

McQUIGG & DOWELL, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an appeal by William Emery from a judgment against him for $140 in favor of Jesse Crowder. The suit was begun by appellee before a justice of the peace against Amos Culbertson and appellant to recover damages for injury to personal property. The summons was served on appellant only and he not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appearing on the return day, judgment was rendered against him and a scire facias issued against Culbertson to make him a party to the judgment. Before the return of the scire facias, appellant perfected an appeal to the Circuit Court.

The evidence shows that appellant was, in 1915, one of the highway commissioners of the township of Oconee in Shelby county, Illinois, and that in the fall of 1915, the commissioners of highways of that township were having several concrete culverts built across the public highways. The commissioners had divided the township into three districts, of the most northerly of which appellant had charge. In the latter part of November, after being authorized at a meeting of all the commissioners, appellant made a contract with Culbertson to tear out an old culvert, construct a concrete one and then fill up over it with earth across a highway in the territory under his care at a certain price per cubic yard. This culvert was about three-quarters of a mile from the residence of appellee and six miles from that of appellant.

Culbertson, under this contract, in the early days of December, removed the old culvert and put in a new concrete one, the top of which was about two feet below the level of the road. In excavating for the culvert, the earth had been thrown up on each side of the culvert across the road and a driveway was used around one end of the culvert. The evidence shows that the contractor did not put up any danger signal or obstructions to prevent people driving along this highway. On the night of December 10th, after the concrete work had been completed, and before the contractor had filled the excavation with earth, a son of appellee, about eighteen years of age, with some young girls, went to a box supper at a schoolhouse, in a one-horse buggy owned by appellee over another road, and in returning over the road in which the new culvert

was, after ten o'clock when it was very dark, drove the horse over the pile of dirt and into the unfilled excavation over the culvert. The horse fell down and broke away from the buggy. It then ran back over the highway and collided with another buggy. It was so injured that it died, and the judgment was rendered for the damages sustained from such loss of the horse and the injury to the buggy.

It is contended that the court erred in refusing to give to the jury a peremptory instruction to find for the appellant, requested at the close of the evidence for appellee, and renewed at the close of all the evidence. It is insisted that appellant is not liable for the damages because (1) the only connection he had with the construction of the culvert was as a highway commissioner; and (2) that Culbertson was an independent contractor in building the bridge, for whose negligence appellant is not liable.

Appellant had no personal interest in the contract. His only interest was as a commissioner of highways. There is no evidence whatever tending to show any wilful negligence on his part or that he knew that barricades were not placed across the highway or that danger signals were not displayed during the night-time to warn travelers of the condition of the road. He made a contract for the township in his official capacity after bids had been submitted to the commissioners as a board, and the board had instructed him to let the contract to Culbertson.

In *Nagle v. Wakey*, 161 Ill. 387, which was a suit to recover damages from the defendants personally because they had, as commissioners of highways, negligently failed to place a railing on a bridge built by them, the rule is announced that commissioners of highways who have in good faith and to the best of their ability expended the means at their command are not personally liable for negligence as commissioners.

In *Hollenbeck v. Winnebago County*, 95 Ill. 148, it was held that a building committee of the supervisors and the county were not liable for mere negligence in the erection of a county building. In *Kennedy v. McGovern*, 246 Ill. 497, a statute, making commissioners of highways in counties not under township organization personally responsible for damages sustained by reason of their neglect to keep the roads and bridges of their district in good repair, was held unconstitutional, and a judgment denying the right to a recovery for damages because of negligence in failing to keep a road in repair was sustained. The opinion states: ''It is conceded that there can be no recovery on the declaration unless under the amendment to section 51 as above quoted; that prior to said amendment the declaration herein would not have been good against the highway commissioners in any county, whether under township organization or not under township organization, and that it would not be good now against the highway commissioners in a county under township organization. * * * The commissioners in both classes of counties have the same general responsibilities, and no liability for injury because of neglect to keep the highways in repair should be imposed upon one class that is not imposed upon the other. In a county not under township organization persons injured on the highway might, under this amendment, recover damages for such injuries from the commissioners of highways, when under exactly similar circumstances persons injured on this same highway but just across the county line, in a county under township organization, could not recover.'' From this statement of the law, it necessarily follows that the rule announced in *Nagle v. Wakey, supra*, that commissioners are not personally liable for negligence that is not wilful, has not been modified. The same rule is announced in *Pearl v. King*, 179 Ill. App. 562, *Huffstutt-*

*ler v. Crabtree,* 197 Ill. App. 191. Appellant cites *Van Middlesworth v. Hill,* 161 Ill. App. 592, an opinion of this court, as announcing a different rule. The question involved in that case was the validity of a declaration, which averred that the commissioners negligently and *wilfully* for more than sixty days neglected to repair a bridge which was in a rotten, unsafe and dangerous condition, when they had full knowledge of its dangerous condition, whereby damages had been sustained. There is no proof of knowledge of the lack of warning of the condition or of *wilfulness* of the appellant in this case, hence the opinion in that case does not sustain the contention of appellee.

The evidence also shows that Culbertson was an independent contractor and does not show that appellant had any control over the contractor in the manner of doing the work. An employer or principal is not liable to third parties for injury caused by the negligence of an independent contractor where the work is not intrinsically dangerous. (*Foster v. Wadsworth-Howland Co.,* 168 Ill. 514; *Rosenbaum Bros. v. Devine,* 271 Ill. 354.) Hence appellant is not liable for the negligence of Culbertson.

We conclude that the appellant is not liable for the damages sustained by appellee for the reason that a commissioner of highways is not liable for mere neglect without wilfulness on his part or knowledge of a dangerous condition caused by repairing the bridges in his town, and also for the reason that the work was under the control of an independent contractor. The judgment is reversed with a finding of facts.

*Reversed with a finding of facts.*

Finding of facts. The appellant was not guilty of wilful negligence, and the work was being done by an independent contractor.