(April 4, 1895.)

## WORDEN v. WITT.

[39 Pac. 1114.]

LIABILITY OF COUNTY COMMISSIONERS.—County commissioners are not individually liable in damages for injuries sustained by reason of defective highways under the laws of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

James W. Reid, for Appellant.

In this action two questions are presented for consideration: 1. Is the municipality—the county of Idaho—liable to the plaintiff? This contention is raised by the original complaint to which a demurrer was sustained. 2. If the municipality is not liable, are defendants individually liable under the facts set out for negligence in the performance of duties imposed on them by law? Liability for injuries such as are set up in this action attaches when the municipality is charged with the duty and invested with the power of keeping its highways in repair. (Buswell's Law of Personal Injuries, sec. 167; *County Commrs. v. Duckett,* 20 Md. 468, 83 Am. Dec. 557.) As to the contention that the plaintiff has a right of action against the defendants, the rule is that where a duty is imposed by the statute and no remedy is prescribed, a common-law right of action accrues, as otherwise in such case there would be a right without a remedy. (*County Commrs. v. Duckett,* 20 Md. 468, 83 Am. Dec. 557; Rev. Stats., sec. 18; *Lehigh County v. Hoffort,* 116 Pa. St. 119, 2 Am. Rep. 587, 9 Atl. 177; *Hover v. Barkhoof,* 44 N. Y. 113; *Robinson, v. Chamberlain,* 34 N. Y. 389, 90 Am. Dec. 713, and note; *Bennett v. Whitney,* 94 N. Y. 302; *Monk v. Town of New Utrecht,*

104, N. Y. 556, 11 N. E. 268; *County Commrs. v. Duvall,* 54 Md. 350, 39 Am. Rep. 393; *Eastman v. Clackamas County,* 32 Fed. 24; *Amy v. Barkholder,* 11 Wall. 136, 20 L. ed. 101; *St. Joseph etc. Ins. Co. v. Leland,* 90 Mo. 177, 59 Am. Rep. 9, 2 S. W. 431; *Nebraska City v. Campbell,* 2 Black, 590, 17 L. ed. 271; *Weightman v. City of Washington,* 1 Black, 39, 17 L. ed. 52.)

J. H. Forney, for Respondents.

The rule that counties are not liable for torts in the absence of statute is universally acknowledged, and the great weight of authority is in favor of the conclusion that, even when a duty is imposed by statute, the county is not liable for failure to perform it, in the absence of express provision creating such liability. (*Heigel v. Wichita County,* 84 Tex. 382, 31 Am. St. Rep. 63, 19 S. W. 562; *Board of Commrs. of El Paso County v. Bish,* 18 Colo. 474, 33 Pac. 184; *Bailey v. Lawrence County,* 5 S. Dak. 393, 48 Am. St. Rep. 881, 59 N. W. 219; *Board of Commrs. of Phillips County v. Churning,* 4 Colo. App. 321, 35 Pac. 918; *Templeton v. Linn County,* 22 Or. 313, 29 Pac. 795; *Pundman v. St. Charles County,* 110 Mo. 594, 19 S. W. 733.) In a legal sense there can be no liability for negligence where the defendants owed the plaintiff no duty. The duty and obligations of the county commissioners are to the public alone. They receive no compensation from and owe no duty to any private individual. They act for the public in general, and are accountable to the public alone for their negligence, and the appropriate remedy for their neglect of duty is by public prosecution. (*Garlinghouse v. Jacob,* 29 N. Y. 297; *Monk v. New Utrecht,* 104 N. Y. 557, 11 N. E. 268.) The commissioners of Idaho county, at the time the alleged cause of action arose, were acting as public agents and had no perfect duty imposed upon them by law to keep the highways in their county in repair, and the only duty imposed upon them in this state is an imperfect duty, so far as keeping the highways of the county in repair is concerned, and only extends to the means within their possession and under their control. (Bussell's Law of Personal Injuries, secs. 51, 52; Cooley on Torts, 379 et seq.; *Nowell v. Wright,* 3 Allen, 166, 80 Am. Dec. 82; *Bartlett v.*

*Crozier,* 17 Johns. 450, 8 Am. Dec. 428; *Lynn v. Adams,* 2 Ind. 145.)

HUSTON, J.—Plaintiff sued defendants, as commissioners of Idaho county, for injuries alleged to have been sustained by him through defects in a certain bridge in said county, while passing across the same. A general demurrer was interposed to the complaint, which was sustained by the court, and leave given plaintiff to amend, which was done. By agreement of counsel, the title of the case was changed, in the summons and complaint, by striking out the words "Commissioners of Idaho County." The case was tried to a jury, and after the evidence on the part of the plaintiff was submitted, on motion of defendants, the action was dismissed, and judgment entered for defendants for costs, from which judgment, and the order denying motion for new trial, this appeal is taken.

The only question presented by the transcript is the liability of the county commissioners, individually, for the damages claimed to have been sustained by plaintiff on account of the defective bridge.

The first error assigned is the sustaining of the demurrer to the complaint. We think there was no error in this action of the court. It is evident from the record that the ground upon which the court sustained the demurrer to the complaint was the want of a statement of notice to the defendants of the condition of the bridge, as the amended complaint, to which a general demurrer was interposed, and overruled by the court, only differs from the original in containing such statement of notice to and knowledge of the condition of the bridge by defendants.

The appellant, in his brief, submits two questions for the decision of the court: 1. Is the county liable to the plaintiff? and 2. Are the commissioners liable individually? The first question is not raised by the record. There was no action against the county. As to the second question, the law can hardly be said to be conclusively settled, or, at least, the decisions are not entirely harmonious. Judge Cooley, in his work on Torts (page 379), says: "The rule of official responsibility, then, appears to be this: That, if the duty which the official

authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual, injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages." In applying this rule to the case of officers charged with the duty of making and repairing highways and bridges, the courts seem to be influenced largely by the exigencies of the case presented, or the conditions under which it arises, as, for instance, in the older and more thickly populated states there seems to be a growing disposition, both by legislative action and judicial decisions, to hold this class of officers, as well as the municipalities they represent, to a more enlarged liability. This will be made apparent by comparing the case of *Bartlett v. Crozier,* 17 Johns. 439, 8 Am. Dec. 428, and note, with *Hover v. Barkhoof,* 44 N. Y. 113, and other recent decisions. But this change of base has not been recognized in states where entirely different conditions exist. To hold counties or county commissioners liable for all injuries arising from defective highways, in this country, would result in two very undesirable conclusions—the literal abrogation of the office of county commissioners (for no sane man would assume the position, with such a liability attached), and the bankruptcy of every county in the state. Had there been any intention on the part of the legislature to impose such a liability upon the county commissioners, they would have said so, by unequivocal enactment. The supreme court of Idaho, in *Gorman v. Commissioners,* 1 Idaho, 655, settled the question of the liability of both the county and the county commissioners in this jurisdiction, and with that decision we concur. The judgment of the district court is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.