the will under the facts stipulated, therefore the order and judgment that appellant pay appellee said sum of three hundred dollars with interest is affirmed.

*Affirmed.*

---

## A. T. Scovill, Appellant, v. Albert C. Lange, Appellee.

### Gen. No. 6,369.   (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Action by A. T. Scovill, plaintiff, against Albert C. Lange, defendant, to recover damages for personal injuries sustained by driving his automobile into a ditch. From a judgment for defendant, plaintiff appeals.

The defendant as one of the highway commissioners of his township caused a temporary bridge to be erected for public travel leaving the highway, a State aid road, about seventy or eighty feet from the embankment of an old bridge which had been washed away, and a railing about twelve feet long and four feet high to be erected about ten feet from the washout to prevent travelers driving into the open space. The plaintiff after dark on the evening the work was completed drove up at the rate of about fifteen miles an hour, and not seeing the railing or knowing of the washout until too near to stop his car drove through the railing and into the ditch.

ROBERT W. BESSE and CHARLES C. McMAHON, for appellant.

W. A. Blodgett and McCalmont & Ramsay, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

### Abstract of the Decision.

Roads and bridges, § 220*—*when commissioners not personally liable for injuries to persons using highway.* The commissioners of highways are not individually liable for the injuries resulting to individuals using the highway when they have exercised in good faith their best judgment and discretion in repairing and improving roads and bridges of the town.

---

### William C. White, Appellant, v. Leopold F. Bourquin, Appellee.

### Gen. No. 6,376.

1. Libel and slander, § 3*—*when words are libelous per se.* Words written or printed are libelous *per se*, that is, without any allegation or proof of special damage, if they expose the plaintiff to public hatred, contempt, ridicule, aversion or disgrace, and to induce an evil opinion of him in the minds of right thinking persons and to deprive him of their friendly intercourse and society, even though the same words if spoken would not have been actionable.

2. Libel and slander, § 159*—*what are questions for court and for jury where language is unambiguous.* Where the words published are clearly defamatory on their face and are unambiguous and incapable of an innocent meaning, the court may, as matter of law, declare to the jury that such words are libelous, leaving it to the jury to say whether the publication was made, with what intent it was made, and whether the published words were true or false.

3. Libel and slander, § 159*—*what are questions for court and for jury where language is ambiguous.* It is the province of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.