(November 24, 1917.)

## MRS. BESSIE YOUMANS, Appellant, v. H. H. THORNTON et al., Respondents.

[168 Pac. 1141.]

COUNTY OFFICERS — OFFICIAL DUTY — PERFORMANCE OF — TO WHOM LIABLE.

1. The duties of county commissioners and road overseers are prescribed by statute, and are governmental functions.

2. These officers are responsible to the state and county for the performance of their official duties, but beyond this their liability cannot be extended.

3. County commissioners and road overseers are not individually liable in damages for injuries sustained by reason of defective highways or bridges.

[As to liability of ministerial officers to private persons for misperformance and nonperformance of official duties, see note in 95 Am. St. 72.]

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. Wm. A. Babcock, Judge.

Action for damages alleged to have been caused by defective bridge. Judgment for defendant *affirmed.*

T. Bailey Lee and W. E. Abraham, for Appellant.

The supreme court of Montana in the case of *Smith v. Zimmer,* 45 Mont. 282, 125 Pac. 420, construing secs. 1356 and 1359, Rev. Codes of Montana, almost identical with the

Idaho statutes, held "that county commissioners and road supervisors are personally responsible to an individual for injuries sustained by reason of their negligent failure to see that a highway is put in proper repair, or that warning is given of the defect." (See, also, *Piercy v. Averill,* 37 Hun (N. Y.), 360; *Garrett County Commrs. v. Blackburn,* 105 Md. 226, 66 Atl. 31.)

"As the county commissioners are given control of the public roads, are charged with the duty of keeping them in good repair, and are supplied with the means of discharging their duty and meeting their liability, they are liable for injuries caused by any defect in a public road due to their negligence." (*Richardson v. Commissioners of Kent County,* 120 Md. 153, 87 Atl. 747; *Tholkes v. Decock,* 125 Minn. 507, 147 N. W. 648, 52 L. R. A., N. S., 142.)

S. T. Lowe, for Respondents.

"A county is a political subdivision of the state and may be said to act as a corporation with specific powers, through its officers as agents, whose duties are not only pointed out by law but the mode of performing them laid down with accuracy and precision." (4 Am. & Eng. Ency. of Law, 1st ed., 345; *Downing v. Mason County,* 87 Ky. 208, 12 Am. St. 473, 8 S. W. 264; *Heigel v. Wichita County,* 84 Tex. 392, 31 Am. St. 63, 19 S. W. 562; *Fry* v. *County of Albemarle,* 86 Va. 195, 19 Am. St. 879, 9 S. E. 1004.)

In the absence of some constitutional or statutory provision, counties are to be treated as political divisions of the state created for convenience, and are not liable for damages caused by the neglect of their officers or agents. (*Barnett v. Contra Costa County,* 67 Cal. 77, 7 Pac. 177; *Bailey v. Lawrence County,* 5 S. D. 393, 49 Am. St. 881, 59 N. W. 219; Cooley on Constitutional Limitations, sec. 247; *Davis v. Ada County,* 5 Ida. 126, 95 Am. St. 166, 47 Pac. 93; *Packard v. Voltz,* 94 Iowa, 277, 58 Am. St. 396, 62 N. W. 757.)

The county commissioners are not individually liable in damages for injury caused by defective public highways or

bridges. (*Worden v. Witt,* 4 Ida. 404, 95 Am. St. 70, 39 Pac. 1114; *Gorman v. Commissioners of Boise County,* 1 Ida. 655.)

In a newly and sparsely settled country, public policy demanded that neither county commissioners nor counties be made liable in that class of cases. (*Worden v. Witt, supra; Bailey v. Lawrence County, supra.*)

The duty owed by county commissioners is to the public, and not to the individuals who chance to pass along a particular highway. (Shearman and Redfield on Negligence, 3d ed., 156; *Daniels v. Hathaway,* 65 Vt. 247, 26 Atl. 970, 21 L. R. A. 377; *Cooley v. Chosen Freeholders of Essex,* 27 N. J. L. 415; *Livermore v. Board of Chosen Freeholders,* 29 N. J. L. 245.)

BUDGE, C. J.—This action was brought by appellant against respondents, the individual members, as a board of county commissioners of Cassia county, the road overseers for the east and west Burley road districts, respectively, and their respective bondsmen, to recover damages alleged to have been sustained by reason of a carelessly constructed bridge on one of the public highways of said county. A general and special demurrer was interposed, which was sustained, and, appellant refusing to plead further, judgment was entered dismissing the action. This appeal is from the judgment.

The errors assigned are: That the court erred in sustaining the demurrer, and in entering the judgment.

It is conceded by appellant that if the decision in *Worden v. Witt,* 4 Ida. 404, 95 Am. St. 70, 39 Pac. 1114, is still the law in this state, that the judgment must be affirmed. But it is contended by appellant that the decision was induced by peculiar local conditions which then existed and which it is said no longer obtain. In that case it was held that county commissioners are not individually liable in damages for injuries sustained by reason of defective highways, under the laws of this state. We are asked to reverse this decision, and our attention has been called to a few cases from other

jurisdictions which have criticised the rule there announced. But on further examination of the authorities and the principles involved we are not disposed to disturb the rule announced in *Worden v. Witt, supra.*

It is made the duty of county commissioners, by statute, "to lay out, maintain, control and manage public roads, turnpikes, ferries and bridges within the county. . . . . " (Sess. Laws 1913, c. 143, sec. 1917d, p. 507.)

The duties of road overseers are likewise prescribed by statute. Counties are not liable for the neglect or torts of their officers. (*Davis v. Ada County,* 5 Ida. 126, 95 Am. St. 166, 47 Pac. 93.) The same principle was involved in *Davis v. State,* 30 Ida. 137, 163 Pac. 373, where it was held that no liability rested upon the state for the neglect or torts of officers, servants or employees of the state, in the absence of a statute imposing such a liability. Counties are relieved from liability upon the same theory; that they are merely subdivisions of the state through which it operates for convenience in the performance of its governmental functions. Governmental functions have been recently defined by this court to be "legal duties imposed by the state upon its creatures, which it may not omit with impunity but must perform at its peril. . . . . They are imposed by statute, and are necessarily mandatory or peremptory functions, . . . . " (*Boise Development Co. v. Boise City,* 30 Ida. 675, 167 Pac. 1032.)

While what has been said relates to the liabilities of counties, it has a direct bearing upon the liability of county officials, as will be seen from the further holding of the court in the latter case, that "the officers performing these duties and exercising these powers are rather officers of the state than of the municipality, and as such are liable to state control." These officers are responsible to the state and county for the performance of their official duties but beyond this their legal liability cannot be extended.

Notwithstanding the criticisms which the decision in *Worden v. Witt* has seemed to evoke, for the reasons above given, we are satisfied that the conclusion reached in that

case was sound. The demurrer, therefore, was properly sustained on the ground that the complaint failed to state facts sufficient to constitute a cause of action.

The judgment is affirmed. Costs awarded to respondents.

Morgan, J., and Rice, J., concur.