## No. 10,213.

### RICHARDSON *v.* BELKNAP, ET AL.

Decided March 5, 1923.

Action against county commissioners for alleged negligence. Judgment for defendants.

### *Affirmed.*

1. COUNTY OFFICERS—*Commissioners—Highways—Duties.* The duty imposed by statute on county commissioners to keep highways in repair is a public official duty imposed upon them as a board, and which they owe to the public by virtue of their office.

2. *Commissioners—Non-performance of Duties.* When the duty imposed upon an officer is one to the public only, its non-performance must be a public, and not an individual injury, which must be redressed, if at all, in a public prosecution of some kind.

3. COUNTIES—*Commissioners—Liability for Torts.* In Colorado, counties are not liable for torts; neither are county commissioners personally liable for injuries growing out of defective highways.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. JOSEPH H. MAUPIN, Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiffs in error.

Mr. A. L. JEFFREY, Mr. E. H. STINEMEYER, Mr. JAMES

T. LOCKE, Mr. AUGUSTUS PEASE, Mr. T. A. McHARG, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover damages for alleged negligence. The defendants are the members of the board of county commissioners of Fremont County, and they are sued as individuals. The trial court sustained a demurrer to the amended complaint. The plaintiff elected to stand on the amended complaint, and judgment was entered for defendants. The plaintiff brings the cause here for review.

From the amended complaint it appears that the plaintiff was injured, and his wife was fatally injured, as the result of an accident which occurred upon a public highway. They were passengers in an automobile which was being driven upon the highway, and as the machine was approaching a bridge it "ran off the roadway at the approach to or on said bridge, turned over, and fell the distance of approximately fourteen feet." The negligence charged against the defendants is their alleged failure "to erect or construct any guide railings or guard railings on said bridge or approaches." It is further alleged that the defendants, who were county commissioners, "carelessly and negligently failed to erect or build on said bridge any stationary, permanent or safe railings, and carelessly and negligently failed to keep the railings on said bridge in repair."

The demurrer raises the question, and it is the only question that need be considered upon this review, whether the county commissioners are liable, as individuals, for injuries caused by their failure to maintain and keep in repair a public highway. In the view we take of this case, as hereinafter appears, it is immaterial whether such failure takes the form of negligence, non-feasance or misfeasance.

Section 5788 R. S. 1908 (C. L. § 1244) provides that all public highways shall be maintained and kept in repair by the respective counties in which they are located. Section 1179 R. S. 1908 (C. L. § 8660) provides that the powers of a county shall be exercised by the county commissioners. From the amended complaint it appears that the acts, or the negligence, complained of, consist or consists of the nonperformance or the negligent performance, on the part of the defendants, of the duty, imposed on them by statute, of keeping highways in repair. It seems to be assumed by plaintiff that the failure to maintain bridge railings is a failure to keep a highway in repair.

The duty imposed by statute upon county commissioners to keep highways in repair, is a public official duty imposed upon them as a board. It is a duty which they owe to the public by virtue of their office. *Worden v. Witt,* 4 Idaho, 404, 39 Pac. 1114, 95 Am. St. Rep. 70.

It being a duty to the public, the instant case calls for the application of the rule stated in *People v. Hoag,* 54 Colo. 542, 131 Pac. 400, 45 L. R. A. (N. S.) 824, where this court said:

"When the duty imposed upon an officer is one to the public only, its nonperformance must be a public, and not an individual injury, and must be redressed in a public prosecution of some kind, if at all."

The same rule was applied by our Court of Appeals in *Miller v. Ouray E. L. & P. Co.,* 18 Colo. App. 131, 70 Pac. 447, under circumstances which make that case decisive of the instant case. In that case the minor son of plaintiff, while confined in a jail, was suffocated by a fire which took place in the jail. The fire was charged to have been caused by defective electric wiring of the building. The plaintiff sought to hold the county commissioners individually liable because, as he alleged, they failed to perform the duty required of them by statute, of making an examination of the jail and of its sufficiency and management. It was held that the duty imposed by the statute was a public one, and its breach was held not to constitute a private

wrong for which the injured party could recover in an individual action.

Applying the rule thus announced in the two Colorado cases above cited, it necessarily follows that since the duty the defendants are charged with violating or having violated is a duty to the public, the plaintiff cannot maintain an action against them on his own behalf.

It appears to be conceded by plaintiff in error that the Miller case is against him, and it is suggested in the reply brief that if we regard that case as a precedent, that we overrule it. We believe it proper, however, to adhere to that decision. The Miller case largely follows the Idaho case of *Worden v. Witt, supra,* where, in the application of the rule we have mentioned, it was held that county commissioners are not individually liable in damages for injury caused by defective public highways or bridges. The supreme court of Idaho in 1917, had occasion to reconsider the rule in that case, and in *Youmans v. Thornton,* 31 Idaho 10, 168 Pac. 1141, said:

"We are asked to reverse this decision, and our attention has been called to a few cases from other jurisdictions which have criticized the rule there announced. But on further examination of the authorities and the principles involved we are not disposed to disturb the rule announced in *Worden v. Witt, supra.*"

In the Miller case, our Court of Appeals, in speaking of the contention which would make the defendants there, and also here, liable, said:

"If the contention of plaintiff be the law, then each individual commissioner would be liable in like actions to this, because of damages suffered by an individual by reason of alleged defects in a public highway or in a county bridge, * * *. To so hold would tend in the large counties of the state, at least, to bring about, as was said by the supreme court of Idaho, 'the literal abrogation of the office of county commissioner, for no sane man would assume the position with such a liability attached.' *Worden v. Witt, et al.,* 39 Pac. 1114."

An expression to the same effect may be found in *Lamphier v. Karch,* 59 Ind. App. 661, 109 N. E. 938.

In this state counties are not liable for torts. Thus we held in *County Commissioners v. Bish,* 18 Colo. 474, 33 Pac. 184, that counties are not liable for personal injuries occasioned through the negligence of their officers in the construction and repair of county bridges.

It would be inconsistent to relieve counties from liability and yet hold the officers liable. In *Packard v. Voltz,* 94 Iowa 277, 62 N. W. 758, 58 Am. St. Rep. 396, it was said that "it must certainly be an anomalous doctrine that would exempt the corporation itself from liability for the doing of a lawful act in a negligent manner, * * * and at the same time affix a liability upon its agent for precisely the same acts. * * *" This language was repeated in *Wood v. Boone County,* 153 Iowa 92, 133 N. W. 377, 39 L. R. A. (N. S.) 168, Ann. Cas. 1913D, 1070. The above two cases were cited in *Snethen v. Harrison County,* 172 Ia. 81, 152 N. W. 12, where the court said that: "As they (the highway officers) were engaged in a public work in virtue of their office, the rule of non-liability applies to them, as well as to the body for which they were acting."

The plaintiff in error relies on a line of cases, most of which may be found cited in 29 C. J. 675, note 6, holding highway officers liable on the ground that their duties are ministerial in their nature. We adhere to the rule laid down by our Court of Appeals in the Miller case. It is supported both by reason and ample authority, including some recent cases. See *Bolland v. Gihlstorf,* 134 Minn. 41, 158 N. W. 725; and 29 C. J. 676, note 11.

Upon the authority of the Miller case, and cases in accord therewith, we hold that the defendants are not liable to plaintiffs for the acts mentioned in the amended complaint, and that the demurrer was properly sustained.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER not participating.