CORY *v.* COUNTY OF LIVINGSTON.

HIGHWAYS AND STREETS—STATE TRUNKLINE HIGHWAYS—LIABILITY FOR DEFECTS.

In action against county by motorist alleged to have been injured because of defect in State trunkline highway, judgment was properly entered for defendant on motion to dismiss, since statute provided that townships and counties should be relieved of all expenses and legal liability in connection with such highways (1 Comp. Laws 1929, §§ 4425, 4426).

Appeal from Livingston; Collins (Joseph H.), J. Submitted June 6, 1934. (Docket No. 41, Calendar No. 37,854.) Decided September 18, 1934.

Case by Charles Cory against County of Livingston, a municipal corporation, for personal injuries received due to alleged negligence in not keeping State trunkline highway in proper repair. Plaintiff appeals from order dismissing declaration. Affirmed.

*Frank B. DeVine* and *James E. O'Neill,* for plaintiff.

*Jay P. Sweeney* and *Don W. Van Winkle,* for defendant.

Butzel, J. While Charles Cory was driving an automobile in a southerly direction on highway No. 23 at about 9 p.m. on May 8, 1932, the car ran into a large hole or depression in the roadway so that it was deflected against and through a guard rail on the west side of the highway and Cory suffered a very serious injury. It is conceded that the highway in question was at the time of the occurrence of the accident a State trunkline highway. Plaintiff brought suit against the county of Livingston, claiming that it failed to perform its duty to keep the road in good repair in accordance with 1 Comp. Laws 1929, § 3996, and that because of such negligence it was liable to plaintiff under 1 Comp. Laws 1929, § 4223. The trial court granted a motion to dismiss upon the ground that the defendant had been relieved of liability by reason of Act No. 17, Pub. Acts 1925 (1 Comp. Laws 1929, §§ 4425, 4426), which superseded or repealed previous acts which made the county liable under sections 3996, 4223, *supra.* Plaintiff relies upon the case of *Longstreet* v. *County of Mecosta,* 228 Mich. 542, where the coun-

ty was held liable notwithstanding Act No. 19, Pub. Acts 1919, as amended (1 Comp. Laws 1929, § 4415 *et seq.*), which gave the State highway department certain supervisory rights, duties and obligations and further provided that a portion of the cost of maintenance of State trunkline highways should be paid by the State. In the cited case, attention is called to the fact that the mere placing of supervisory or administrative powers in the State board does not by any implication repeal or supersede the provisions of previous acts making the county liable. Shortly after the case of *Longstreet* v. *County of Mecosta, supra,* was decided, the legislature enacted Act No. 17, Pub. Acts 1925 (1 Comp. Laws 1929, §§ 4425, 4426), which provides that on and after January 1, 1926, the cost of constructing, improving and maintaining trunkline highways should be met entirely by the State and the townships and counties shall thereafter be relieved of all expenses and legal liability in connection therewith. Upon the enactment of the statute imposing upon the State the duty of maintaining trunkline highways, the county was relieved of such obligation. It was not the duty of the county to maintain the highway and it could not be held for the failure to make repairs. A somewhat similar question arose in *Martin* v. *J. A. Mercier Co.,* 255 Mich. 587 (78 A. L. R. 520), in which the city of Lincoln Park was relieved of liability for failure to repair a former city road which, previous to the time of the accident, had been taken over by the board of county road commissioners of Wayne county as a county road.

Judgment for defendant is affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.