**LOWE et al. v. STOROZYSZYN.**

No. 26700.   Feb. 21, 1938.

Rehearing Denied Oct. 11, 1938.

I. L. Harris, Ted R. Elliott, Maurice M. Thomas, and Thurman & Thurman, for plaintiffs in error.

O. J. Roberts and S. E. Freeman, for defendant in error.

OSBORN, C. J. This action was commenced in the district court of Oklahoma

county by Peter Storozyszyn, hereinafter referred to as plaintiff, against Fred D. Lowe, Frank McCall, and J. V. Dobbs, hereinafter referred to as defendants, wherein plaintiff sought damages for personal injuries and for the loss of services of his two minor children, alleged to have been sustained as a result of negligence on the part of defendants in failing to perform certain duties enjoined upon them as county commissioners of Oklahoma county. The sureties on the bonds of the defendants were subsequently made additional defendants to the action.

Issues were joined and the cause tried to a jury. A verdict was returned in favor of plaintiff, and defendants have appealed.

Plaintiff alleged that on April 7, 1934, he was crossing a certain bridge which had been built across the North Canadian river near Harrah, Okla., in a wagon drawn by a team of mules and that his two minor children were riding in the wagon with him; that on account of the negligence of defendants in failing to repair the bridge, the mules which plaintiff was driving became frightened and backed the wagon through the guard rail and off said bridge, thereby precipitating plaintiff and the two minor children into the river; that the plaintiff was seriously injured and the two minor children were drowned. Plaintiff alleged that at all times prior to the date of April 7, 1934, defendants had at their command and disposal ample funds for the repair of the bridge.

The theory upon which this action was tried and upon which plaintiff seeks to sustain his recovery in this court is stated in the brief as follows:

"The duty to repair county bridges, with a span of more than 20 feet, on township roads is a ministerial duty devolving upon the office of county commissioners, and where funds are available to repair such a bridge and the county commissioners neglect to make such repairs and injury results from such negligence, the individual county commissioners, as public officers, are personally liable in damages for such injuries."

Section 10148, O. S. 1931, in part provides:

"The board of county commissioners shall build and maintain all bridges and culverts on the state road system and all bridges on township roads with a span of more than twenty feet."

Plaintiff relies upon the case of Mott v. Hull, 51 Okla. 602, 152 P. 92. and the case of Strong v. Day, 61 Okla. 166, 160 P. 722 (second appeal 73 Okla. 291, 176 P. 401). The former case was an action for damages against certain township officers for injuries arising from negligence in the construction of a culvert. It was specifically pointed out in that case that the defendants assisted in and gave personal supervision to the work and the alleged acts of negligence were committed by said officers who were defendants in the action. In the latter case, which was reviewed by this court after a demurrer to the petition had been sustained by the trial court, it is pointed out that said officers "wantonly and negligently" committed the acts relied upon as a base of negligence. Therein, in discussing the case, the court used the following language:

"The word 'negligently' is used herein advisedly, and we are not to be taken as holding that every failure to repair a bridge constitutes a negligent failure of duty or raises a presumption of negligence upon the part of the commissioners."

It is apparent that the conclusion in said case is correct, but that the syllabus is broader than the question under consideration therein.

We think the case at bar is governed by the decision of this court in the case of Consolidated School District v. Wright, 128 Okla. 193, 261 P. 953, in which case an exhaustive review of all of the extant authorities at that time is made, and the above authorities relied upon by plaintiff are alluded to. Therein was involved the liability of the school district and of the individual members of the board for damages arising by reason of alleged negligence of the officers, agents, and employees of said district in the control and operation of a motor truck in the transportation of plaintiff to school.

In the instant case plaintiff has not charged defendants with the commission of specific acts of negligence or of misfeasance, but relies wholly on the nonfeasance of said officers to establish liability. It was shown that there were possibly 2,000 bridges and culverts in Oklahoma county; that two of the defendants had never inspected the bridge in question; that the third member had inspected it several months prior to plaintiff's injury; that a multitude of other duties were imposed upon defendants by law; that in order to discharge the duty of inspection and maintenance of bridges and culverts imposed upon them, defendants had employed one Clyde Erwin as bridge superintendent, who was charged with the specific duty of such inspection; that when said bridge superintendent found it necessary to make repairs on bridges he made a report to the county engineer and was authorized

to proceed to make the necessary repairs under the direction and supervision of the county engineer without further specific authority from the board of county commissioners. No contention is made that Clyde Erwin is not a qualified and competent bridge inspector and there is no allegation of lack of diligence on the part of Clyde Erwin other than as alleged against the county commissioners.

In the case of Longstreet v. Mecosta County (Mich.) 200 N. W. 248, it is said:

"* * * In 2 Cooley on Torts (3rd Ed.) 756, the rule is thus announced:

"'The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, 'must be a public, not an individual, injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages.'

"In McConnel v. Dewey, 5 Neb. 385, it was held (quoting from the syllabus):

"'The duties of a supervisor of public roads are of a general public nature, and he acts for the public at large, and therefore an action, at the common law, will not lie against him by an individual for an injury occasioned to his person or property, by reason of a defect in a public road or bridge.'

"In Robertson v. Monroe, 79 N. H. 336, 109 Atl. 495, it was said by Chief Justice Parsons, speaking for the court:

"'It is, however, generally, though not universally, held that at common law the officers upon whom is imposed the performance of the duty of highway maintenance are not answerable to individuals for default in such performance. * * * As the same duty when imposed upon public officers remains governmental in its nature, owed to the public and not to individuals it would seem to plainly follow that the officers upon whom the duty of maintenance was imposed would not be liable to an individual for default in the performance of their public duty.'

"The Supreme Court of Idaho, in the case of Youmans v. Thornton, 31 Idaho, 10, 168 P. 1141, following the earlier holding in Worden v. Witt, 4 Idaho, 404, 39 P. 1114, 95 Am. St. Rep. 70, held (we quote from the syllabus):

"'1. The duties of county commissioners and road overseers are prescribed by statute, and are governmental functions.

"'2. These officers are responsible to the state and county for the performance of their official duties, but beyond this their liability cannot be extended.

"'3. County commissioners and road overseers are not individually liable in damages for injuries sustained by reason of defective highways or bridges.'

"In Templeton v. Beard, 159 N. C. 63, 74 S. E. 735, it was held that an action could not be maintained against the individual members of the county commissioners for negligence in the construction of a bridge, unless they acted or failed to act 'corruptly or of malice,' and White v. Commissioners, 90 N. C. 437, 47 Am. Rep. 534, was relied upon. See, also, Nagle v. Wakey, 161 Ill. 387, 43 N. E. 1079; Hardwick v. Franklin, 120 Ky. 78, 85 S. W. 709; Lynn v. Adams, 2 Ind. 143; Moss v. Cummings, 44 Mich. 359, 6 N. W. 843; 29 C. J. 675. Contra, Mott v. Hull, 51 Okla. 602, 152 P. 92, 92 L. R. A. 1916B, 1184."

In the case of Templeton v. Beard, supra, the second paragraph of the syllabus is as follows:

"County commissioners exercising discretionary quasi-judicial powers for the public benefit, in the absence of statutory provisions, are not individually liable for personal injuries resulting from a defective road or bridge, where there is no charge that they acted or failed to act corruptly or of malice, however erroneous their judgment may be; nor is it material that they sometimes act ministerially."

In the case of Owen v. Baggett (Fla.) 81 So. 888, it was held:

"In exercising the authority conferred upon them by the statutes, with reference to public roads and bridges, the county commissioners are a state agency, having administrative discretion in the discharge of their official functions, and they are not personally liable to individuals in damages for injuries caused by their negligence in the performance of their statutory road and bridge duties, even when they have funds sufficient to keep the highways of the county in good repair, when they do not personally, directly and intentionally contribute to the injury complained of. Their authority as to roads and bridges is administrative, not merely ministerial, and is exercised for the public and not for any individual."

In the case of Binkley v. Hughes et al. (Tenn.) 73 S. W. 2d 1111, it is said:

"In 29 Corpus Juris, 567, it is said: 'Being governmental agencies, highway boards or commissioners, as such, are not ordinarily liable in tort.'

"A judgment against the defendants, as officials, would be valueless because they own no property with which to satisfy a

judgment. Such commissioners are personally liable to a third party where the latter is injured as a result of some act of misfeasance committed by them. For example, if the commissioners, acting officially, should dig a ditch from the highway onto the premises of an adjoining landowner so as to drain the water from the road onto such land whereby it was damaged, the commissioners would be personally liable for such wrongful act. The court, however, is committed to the general rule that, in the absence of statute for mere failure to perform an official duty, the commissioners are not liable personally to third parties. Fryar v. Hamilton County, supra; Vance v. Shelby County, 152 Tenn. 141, 273 S. W. 557, 559; Hale v. Johnston, 140 Tenn. 182, 203 S. W. 949; Gamble v. Vanderbilt University, 138 Tenn. 616, 200 S. W. 510, 514, L. R. A. 1916C, 875; State v. McClellan, 113 Tenn. 616, 85 S. W. 267, 3 Ann. Cas 992; Drake v. Hagan, 108 Tenn. 265, 67 S. W. 470.

"In Gamble v. Vanderbilt University, supra, it was said:

" 'For nonfeasance an agent is responsible to his principal only. For misfeasance he may be responsible to third parties also. Nonfeasance is doing nothing. Misfeasance "is failure to use in the performance of a duty owing to the individual. that degree of care, skill. and diligence which the circumstances * * * reasonably demand." State v. McClellan, 113 Tenn. 616, 621, 85 S. W. 267, 3 Ann. Cas. 992.' "

In the case of Richardson v. Belknap (Colo.) 213 P. 335, it was said:

"The duty imposed by statute upon county commissioners to keep highways in repair is a public official duty imposed upon them as a board. It is a duty which they owe to the public by virtue of their office. Worden v. Witt, 4 Idaho, 404, 39 P. 1114, 95 Am. St. Rep. 70.

"It being a duty to the public, the instant case calls for the application of the rule stated in People v. Hoag. 54 Colo. 542, 131 P. 400, 45' L. R. A. (N.S.) 824, where this court said:

" 'When the duty imposed upon an officer is one to the public only, its nonperformance must be a public, and not an individual, injury, and must be redressed in a public prosecution of some kind, if at all.' "

See. also, Thompson-Caldwell Const. Co. v. Young (C.C.A. 4th) 294 Fed. 145; Van Middlesworth v. Hill, 161 Ill. App. 592; Scovill v. Lange, 204 Ill. App. 82; City of Duluth v. Ross (Minn.) 167 N. W. 485.

In the absence of a statute imposing liability upon public officials for injuries resulting to individuals by reason of the negligence of such officials in maintaining public highways, the overwhelming weight of authority supports the view that there is such liability only where the duties imposed by law upon such officials are **ministerial** in character and not judicial or discretionary. Annotation and authorities 40 A. L. R. 39; 57 A. L. R. 1037.

"A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties." Robertson v. Sichel, 127 U. S. 507, 8 S. Ct. 1286, 32 L. Ed. 203.

In the case of Fidelity & Casualty Co. v. Brightman (C.C.A. 8th) 53 F.2d 161, it was said:

"It is well-settled law that public officers are not responsible for acts of 'subordinate officials, if such subordinates are themselves employees of the government, where there is no negligence on the part of such public officials in employing them, unless the superior officer has directed or encouraged or ratified such acts or has personally cooperated therein. Michel v. Smith, 188 Cal. 199, 205 P. 113; Dowler v. Johnson, 225 N. Y. 39, 121 N. E. 487, 3 A. L. R. 146; Barker v. C., P. & St. L. R. Co., 243 Ill. 482, 90 N. E. 1057; 26 L. R. A. (N. S.) 1058, 134 Am. St. Rep. 382; Colby v. City of Portland, 85 Ore. 359, 166 P. 537; City of Duluth v. Ross, 140 Minn. 161, 167 N. W. 485."

In the case of Corliss v. Van Duzer (Ore.) 285 P. 253, the court approved the following statement by Mr. Mechem in his work on Public Offices and Officers, secs. 789, 790. which read as follows:

"Sec. 789. It is well settled as a general rule that public officers of the government, in the performance of their public functions, are not liable to third persons, either for the misfeasances or positive wrongs. or for the nonfeasances, negligences or omissions of duty of their official subordinates.

"This immunity rests upon obvious considerations of public policy, the necessities of the public service and the perplexities and embarrassments of a contrary doctrine.

"These official subordinates are themselves public officers, though of an inferior grade, and are directly liable, in those cases in which any such public officer is liable, for their own defaults. They are not infrequently appointed directly by the governmental power, and are removable only at its pleasure, but even in those cases in which they are appointed and removed by their immediate official superior, the latter is not liable.

"Sec. 790. But this general rule is subject to certain exceptions important to be

borne in mind and as well settled as the rule itself. Thus the superior officer will be liable (1) where, being charged with the duty of employing or retaining his subordinates, he negligently or willfully retains unfit or improper persons; or (2) where being charged with the duty to see that they are appointed, or qualified in a proper manner, he negligently or willfully fails to require of them the due conformity to the prescribed regulations; or (3) where he so carelessly or negligently oversees, conducts or carries on the business of his office as to furnish the opportunity for the default; or (4) and a fortiori, where he has directed, authorized or co-operated in the wrong."

In the case of Hilton v. Oliver (Cal. Sup.) 269 P. 425, it was held:

"Doctrine of respondeat superior has no application as between public officer and his subordinates, who are likewise in the public service, unless the public officer has directed or countenanced the tortious acts to be done, or has co-operated therein."

In the case of Vance v. Hale, 156 Tenn. 389, 2 S. W.2d 94, 57 A. L. R. 1029, it was held:

"County officers exercising ordinary care in selection of subordinate employees, whose reliability they have no reason to question, properly instructing them and exercising ordinary care to see that they properly perform their duties, are not liable under the rule of respondeat superior for their negligence in detail of work intrusted to them; they being employees of county, not of such officers."

See annotations and authorities, 3 A. L. R. 149; 1 A. L. R. 222.

The judgment of the trial court is reversed and the cause is remanded.

WELCH, GIBSON, HURST, and DAVISON, JJ., concur. CORN, J., concurs in result. RILEY and PHELPS, JJ., dissent. BAYLESS, V. C. J., absent.